DELILAH VINZON, CA Bar No. 222681
JOHN D. JACOBS, CA Bar No. 134154
MARICELA SEGURA, CA Bar No. 225999
Federal Trade Commission
10990 Wilshire Boulevard, Suite 400
Los Angeles, CA 90024
dvinzon@ftc.gov, jjacobs@ftc.gov,
msegura@ftc.gov
Tel: (310) 824-4300; Fax: (310) 824-4380

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| FEDERAL TRADE COMMISSION, | ) Case No.: 8:19-cv-01728-JVS-JDE |
| Plaintiff, | ) |
| | ) **PLAINTIFF'S OPPOSITION TO** |
| v. | ) **DEFENDANTS BRADLEY JASON** |
| | ) **HUNT AND SEAN QUINCY** |
| | ) **LUCERO'S MOTION TO DISMISS** |
| STUDENT ADVOCATES TEAM, LLC, et al., | ) |
| | ) **Date:      November 18, 2019** |
| Defendants. | ) **Time:      1:30 pm** |
| | ) **Courtroom: 10C** |
| | ) **Judge:     Hon. James V. Selna** |

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# TABLE OF CONTENTS

I.     INTRODUCTION ...................................................................................... 1

II.    LEGAL STANDARD ................................................................................ 2

    A.   Adequacy of Pleading Under Rule 8(a)(2) and Rule 12(b)(6) ................ 2

    B.   Individual Liability Under Section 5 and the TSR ............................... 3

        1.   Liability for injunctive relief ....................................................... 3

        2.   Liability for monetary relief ......................................................... 4

III.   ARGUMENT ........................................................................................... 5

    A.   Defendants' Motion Should Be Denied Because It Relies
         Entirely on the Erroneous Assertion that the FTC Must Prove
         that the Individual Defendants Were Alter Egos of the Corporate
         Debt Relief Defendants ........................................................................ 5

    B.   The Motion Should Be Denied Because the Complaint
         Sufficiently Alleges Facts Showing Plaintiff Is Entitled to Both
         Injunctive Relief and Monetary Relief ................................................ 6

        1.   The Complaint States a Claim for Injunctive Relief
             Because It Alleges Sufficient Facts Showing that
             Individual Defendants Directly Participated in or Had
             the Authority to Control the Corporate Debt Relief
             Defendants' Business Practices ................................................. 6

            a.   Hunt ................................................................................. 7

            b.   Lucero .............................................................................. 7

        2.   The Complaint States a Claim for Monetary Relief
             Because It Alleges Sufficient Facts Showing that Individual
             Defendants Knew or Should Have Known of the Corporate
             Debt Relief Defendants' Deceptive Conduct ............................. 8

            a.   Hunt ................................................................................. 8

            b.   Lucero .............................................................................. 9

IV.   CONCLUSION ..................................................................................... 10

1

2

# TABLE OF AUTHORITIES

**Cases**

3   A*shcroft v. Iqbal*, 556 U.S. 662 (2009) .......................................................3, 5

4   *Balistreri v. Pacifica Police Dept.*, 901 F.2d 696 (9th Cir. 1988). ...........................2

5

6   *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007).....................................................3, 5

7   *FTC v. Affordable Media, LLC*, 179 F.3d 1228 (9th Cir. 1999) .............................4, 9

8   *FTC v. Am. Standard Credit Sys., Inc.*, 874 F.Supp. 1080
       (C.D. Cal. 1994). ....................................................................................3, 4, 6

9

10  *FTC v. Bay Area Bus. Council*, 423 F.3d 627 (7th Cir. 2005) ...........................passim

11  *FTC v. Cyberspace.com*, 453 F.3d 1196 (9th Cir. 2006) ...............................................4

12  *FTC v. DeVry Educ. Grp., Inc.*, No. CV-16-00579-MWF-SSX,
       2016 WL 6821112 (C.D. Cal. May 9, 2016) .................................................3

13

14  *FTC v. Direct Mktg. Concepts, Inc.*, 569 F. Supp. 2d 285 (D. Mass. 2008),
       *aff'd,* 624 F.3d 1 (1st Cir. 2010). ...............................................................4

15

16  *FTC v. Five Star Auto Club*, 97 F. Supp. 2d 502 (S.D.N.Y. 2000).....................5, 9

17  *FTC v. Lights of America*, No. SACV10–01333 JVS, 2013 WL 5320681
       (C.D. Cal., Sept. 17, 2013). .....................................................................5, 9

18

19  *FTC v. Publ'g Clearing House,* 104 F.3d 1168 (9th Cir. 1997)...........................passim

20  *FTC v. Stefanchik,* 559 F.3d 924 (9th Cir. 2009) ...........................................................7

21  *FTC v. Swish Mktg.*, No. C 09-03814 RS, 2010 WL 653486
       (N.D. Cal. Feb. 22, 2010) ............................................................................9

22

23  *Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025 (9th Cir. 2008). ...........2

24  **Statutes**

25  15 U.S.C.  § 45....................................................................................................passim

26  16 C.F.R. Part 310 ............................................................................................passim

27

28

ii

**Rules**

Fed. R. Civ. P. 12(b)(6) ................................................................................................2, 6

Fed. R. Civ. P. 8(a)(2) .......................................................................................................2

# I.     INTRODUCTION

The Complaint seeks injunctive and monetary relief against four corporate defendants ("Corporate Debt Relief Defendants")[1] and their owners, Defendants Bradley Jason Hunt and Sean Quincy Lucero (the "Individual Defendants"), for violations of Section 5 of the Federal Trade Commission Act ("Section 5"), 15 U.S.C. § 45, and the Telemarketing Sales Rule ("TSR"), 16 C.F.R. Part 310.  (Compl. ¶ 2.) The Complaint includes a detailed factual narrative describing how the Corporate Debt Relief Defendants made various deceptive representations in telemarketing their debt relief services to student loan borrowers, and how they requested and accepted fees in advance of performing the promised services, in violation of Section 5 and the TSR.

In their Motion to Dismiss ("Motion"), Individual Defendants do not contest the adequacy of Plaintiff's allegations that the Corporate Debt Relief Defendants violated Section 5 and the TSR.  Instead, the Motion raises the limited issue of whether Plaintiff adequately pleads that Defendants Hunt and Lucero should be held individually liable for such violations.  In arguing that the Complaint allegations are insufficient, Individual Defendants wholly ignore all of the relevant law on the issue, which is found in a long line of FTC cases discussing and applying the legal standard for individual liability for the statutory violations at issue in the Complaint.  Indeed, Individual Defendants cite no FTC cases in the Motion.  Instead, Individual Defendants base their Motion entirely on the inapposite argument that the Complaint lacks sufficient facts to establish that the Individual Defendants are liable under an alter-ego theory of liability—a theory that is never mentioned in the Complaint, a

---

[1] The Corporate Debt Relief Defendants are Student Advocates Team, LLC, Progress Advocates Group, LLC, Student Advocates Group, LLC, and Assurance Solution Services, LLC.  The sufficiency of the allegations against the Corporate Debt Relief Defendants are not the subject of the Motion to Dismiss.

1   theory that is never mentioned in the extensive body of case law that discusses

2   individual liability for violations of the FTC Act, and a theory that FTC does not in

3   fact rely on in this action.  Accordingly, Individual Defendants' argument for

4   dismissal fails.  The Motion should be denied on this basis alone.

5          The Motion should also be denied because the Complaint includes more than

6   enough facts to establish, under the relevant case law, that the FTC is entitled to both

7   injunctive and monetary relief against the Individual Defendants.  Under the

8   applicable legal standard, as discussed in detail below, individuals are liable for a

9   corporation's violations of Section 5 and the TSR—and subject to injunctive relief—

10  upon proof that they directly participated in or had authority to control the

11  corporation's unlawful conduct.  Additionally, individuals are liable for monetary

12  relief when they knew or should have known that the company was engaging in

13  deceptive conduct.  The Complaint adequately pleads facts sufficient for the Court to

14  draw the inference that the Individual Defendants are liable under these standards.

15  Accordingly, the Individual Defendants' Motion to Dismiss should be denied.

16  **II.   LEGAL STANDARD**

17       **A.   Adequacy of Pleading Under Rule 8(a)(2) and Rule 12(b)(6)**

18          Federal Rule of Civil Procedure 8(a) requires that a complaint include a "short

19  and plain statement of the claim showing that the pleader is entitled to relief." Fed. R.

20  Civ. P. 8(a)(2).  A motion to dismiss brought pursuant to Federal Rule of Civil

21  Procedure 12(b)(6) tests the legal sufficiency of the claims asserted in the complaint.

22  In ruling on a 12(b)(6) motion, the court must "accept factual allegations in the

23  complaint as true and construe the pleadings in the light most favorable to the

24  nonmoving party."  *Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025,

25  1031 (9th Cir. 2008).

26          Dismissal under Rule 12(b)(6) is proper only where there is either a "lack of a

27  cognizable legal theory" or "the absence of sufficient facts alleged under a cognizable

28  legal theory." *Balistreri v. Pacifica Police Dept.*, 901 F.2d 696, 699 (9th Cir. 1988).

1  "To survive a motion to dismiss, a complaint must contain sufficient factual matter . .

2  . to state a claim to relief that is plausible on its face." *FTC v. DeVry Educ. Grp.,*

3  *Inc.*, No. CV-16-00579-MWF-SSX, 2016 WL 6821112, at *2 (C.D. Cal. May 9,

4  2016), citing A*shcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks

5  omitted).  A claim has "facial plausibility" if the alleged facts allow the court to

6  "draw the reasonable inference that the defendant is liable for the misconduct

7  alleged." *Iqbal*, 556 U.S. at 678.  "[D]etermining whether a complaint states a

8  plausible claim is context specific, requiring the reviewing court to draw on its

9  experience and common sense."  *Iqbal*, 556 U.S. at 679.

10       Although a complaint that offers no more than mere "labels and conclusions"

11  or a "formulaic" or "threadbare" recitation of the elements of a cause of action is

12  insufficient, a complaint does not need detailed factual allegations.  *See Bell Atl.*

13  *Corp. v. Twombly*, 550 U.S. 544, 555 (2007), *Iqbal*, 556 U.S. at 678. "Factual

14  allegations must be enough to raise a right to relief above the speculative level."

15  *Twombly*, 550 U.S. at 555.

16       **B.**    **Individual Liability Under Section 5 and the TSR**

17           **1.**    **Liability for injunctive relief**

18       An individual may be held personally liable for a company's deceptive

19  practices that violate the FTC Act or the TSR[2] if the FTC can show that the individual

20  "participated directly in the acts or practices or had the authority to control them."

21  *FTC v. Publ'g Clearing House,* 104 F.3d 1168, 1170 (9th Cir. 1997), citing *FTC v.*

22  *Am. Standard Credit Sys., Inc.*, 874 F.Supp. 1080, 1087 (C.D. Cal. 1994).

23       An individual's authority to control a company "can be evidenced by active

24  involvement in the business affairs and the making of corporate policy, including

25  assuming the duties of a corporate officer." *Am. Standard,* 874 F.Supp. at 1089.

26

27  ─────────────────

28  [2] Violations of the TSR constitute violations of Section 5.  15 U.S.C. §§ 6102(c) and
57a(d)(3).

Assuming the role of owner and officer and making countless decisions for the company demonstrates at least authority to control.  *FTC v. Bay Area Bus. Council*, 423 F.3d 627, 637 (7th Cir. 2005) (citations omitted); *Publ'ng Clearing House,* 104 F.3d at 1170-71.  Even where an individual is not an officer, evidence of handling corporate funds, having signatory authority on corporate accounts, and the ability to bind the company may be sufficient to prove authority to control.  *See Bay Area Bus. Council*, 423 F.3d at 637-38.

### 2.    Liability for monetary relief

An individual who is liable for injunctive relief may also be held liable for monetary relief if the FTC shows that the individual had a sufficient level of awareness that the company was engaging in deceptive conduct.  *Publ'g Clearing House,* 104 F.3d at 1171, citing *Am. Standard*, 874 F.Supp. at 1089.  The knowledge requirement is satisfied if the FTC proves that the individual "had actual knowledge of material misrepresentations, was recklessly indifferent to the truth or falsity of a misrepresentation, or had an awareness of a high probability of fraud along with an intentional avoidance of the truth."  *Id.*  In short, the standard is whether the individual "either knew or should have known about the deceptive practices."  *FTC v. Direct Mktg. Concepts, Inc.*, 569 F. Supp. 2d 285, 310 (D. Mass. 2008), *aff'd,* 624 F.3d 1 (1st Cir. 2010).  A showing of intent to defraud is not required.  *Publ'g Clearing House,* 104 F.3d at 1171.

An individual's participation in the business affairs of the company is probative not only of his ability to control a company but also of his knowledge.  *See FTC v. Affordable Media, LLC*, 179 F.3d 1228, 1235 (9th Cir. 1999) (citations omitted).  Courts have held that "the extent of an individual's involvement in a fraudulent scheme alone is sufficient to establish the requisite knowledge for personal restitutionary liability."  *Id.*  In addition to the individual's participation in the business, awareness of consumer complaints is sufficient to establish knowledge.  *See FTC v. Cyberspace.com*, 453 F.3d 1196, 1202 (9th Cir. 2006); *FTC v. Lights of*

1    *America*, No. SACV10–01333 JVS, 2013 WL 5320681, *50 (C.D. Cal., Sept. 17,

2    2013).  Similarly, receiving or responding to inquiries from state regulators is

3    probative of knowledge.  *See Bay Area Bus. Council*, 423 F.3d at 637; *FTC v. Five*

4    *Star Auto Club*, 97 F. Supp. 2d 502, 539 (S.D.N.Y. 2000).

5    **III.    ARGUMENT**

6          The Motion should be denied because, first, it relies entirely on a theory of

7    individual liability that is inapplicable in FTC cases.  Second, there is no basis to

8    dismiss for failure to state a claim because, under applicable case law, the Complaint

9    sufficiently alleges facts that show that the FTC is entitled to both injunctive and

10   monetary relief against the Individual Defendants.  The allegations set forth in the

11   Complaint far exceed formulaic or threadbare allegations and legal conclusions, and

12   plausibly state a claim for relief against each of the Individual Defendants.  *See*

13   *Twombly*, 550 U.S. at 555; *Iqbal*, 556 U.S. at 678.

14          **A.    Defendants' Motion Should Be Denied Because It Relies Entirely on**

15                 **the Erroneous Assertion that the FTC Must Prove that the**

16                 **Individual Defendants Were Alter Egos of the Corporate Debt Relief**

17                 **Defendants**

18          The entirety of the Individual Defendants' Motion is based on the incorrect

19   theory that Plaintiff was required to invoke the alter-ego doctrine to plead personal

20   liability for Individual Defendants Hunt and Lucero.  Individual Defendants

21   summarize their argument as follows: "Simply put, these allegations fail to meet the

22   pleading requirements for invoking the alter-ego doctrine and attaching individual

23   liability to the alleged wrongdoing of a corporate entity."  (Mot. at 6.)  Individual

24   Defendants' Motion relies exclusively on the alter-ego doctrine, citing only

25   California law while failing to cite a single FTC case.  Indeed, they could not cite a

26   single FTC case on alter ego liability because, as discussed above, the extensive case

27   law on individual liability under the FTC Act is not premised on the alter ego

28   doctrine.

- 5 -

Because they rely completely on an irrelevant theory, the Motion presents no viable argument that Plaintiff failed to state a claim under Rule 12(b)(6).  Individual Defendants have failed to meet their burden, and the Motion should be denied on this ground alone.

**B.     The Motion Should Be Denied Because the Complaint Sufficiently Alleges Facts Showing Plaintiff Is Entitled to Both Injunctive Relief and Monetary Relief**

Plaintiff adequately pleads individual liability against Defendants Hunt and Lucero under the legal standards that have long been applied in Section 5 and TSR cases.  The Complaint alleges facts showing that Defendants Hunt and Lucero participated in or controlled the Corporate Debt Relief Defendants' deceptive acts and practices, as well as facts showing that they knew or should have known that their companies were engaged in deceptive or unlawful conduct.

**1.     The Complaint States a Claim for Injunctive Relief Because It Alleges Sufficient Facts Showing that Individual Defendants Directly Participated in or Had the Authority to Control the Corporate Debt Relief Defendants' Business Practices**

Setting forth far more than bare bones allegations, the Complaint provides detailed allegations of each of the Individual Defendant's direct participation in or authority to control the unlawful business practices that the Complaint describes.  As discussed above, control sufficient for establishing liability can be evidenced by involvement in the business affairs of the company, including assuming the duties of a corporate office, handling corporate funds, having signatory authority on corporate accounts, and having the ability to bind the company.  *See Publ'ng Clearing House,* 104 F.3d at 1170-71; *Am. Standard,* 874 F.Supp. at 1089; *Bay Area Bus. Council*, 423 F.3d at 637-38.

### a. Hunt

The Complaint first alleges that Hunt and Lucero are the owners of the Corporate Debt Relief Defendants.  (Compl. ¶ 9.)  It further alleges that Hunt:

- "is or has served as an owner, Member, and/or President and participated in and managed the day-to-day business operations of each of the Corporate Debt Relief Defendants" (*id.* ¶ 14);

- "formed each entity; set up bank accounts and business relationships; and served as signatory on their bank accounts" (*id.*); and

- "formulated, directed, controlled, had the authority to control, or participated in the acts and practices of the Corporate Debt Relief Defendants, including the acts and practices set forth in this Complaint" (*id.*).

By alleging that Hunt is or was an owner, officer, and the manager of the day-to-day business of each of the Corporate Debt Relief Defendants, and a signatory on their bank accounts, Plaintiff has sufficiently stated facts from which the Court can reasonably infer that Hunt directly participated in the deceptive conduct at issue.  At a minimum, these allegations adequately plead that Hunt had the authority to control the Corporate Debt Relief Defendants' business and can be held individually liable. *See FTC v. Stefanchik,* 559 F.3d 924, 931 (9th Cir. 2009) (finding of personal liability upheld against owner-manager that controlled all of the business activity of the company); *Publ'g Clearing House*, 104 F.3d at 1170-71 (individual defendant's "assumption of the role of president of [the corporation] and her authority to sign documents on behalf of the corporation demonstrate that she had the requisite control over the corporation").

### b. Lucero

Paragraph 15 of the Complaint alleges that Defendant Lucero:

- "is or has served as an owner and Member of the Corporate Debt Relief Defendants";

- "formed the Corporate Debt Relief Defendants and served as signatory on their bank accounts";
- "provided capital contributions, promissory notes and personal guarantees on behalf of each of the Corporate Debt Relief Defendants and also entered agreements on the their behalf"; and
- "participated in meetings with [Defendant] EAC about the student debt relief industry and high-level discussions about the Corporate Debt Relief Defendants' business."

Allegations setting forth Lucero's role as an owner-member with signatory power, who participated in the business affairs of the Corporate Debt Relief Defendants, and bound the Corporate Debt Relief Defendants to agreements, are sufficient to allow the Court to reasonably infer that Lucero had the requisite authority to control the businesses that would subject him to individual liability. *See Publ'g Clearing House*, 104 F.3d at 1170-71; *Bay Area Bus. Council*, 423 F.3d at 637-38.

>    **2.    The Complaint States a Claim for Monetary Relief Because It Alleges Sufficient Facts Showing that Individual Defendants Knew or Should Have Known of the Corporate Debt Relief Defendants' Deceptive Conduct**

Far from making conclusory allegations of knowledge, Plaintiff alleges specific facts that would establish that the Individual Defendants knew or were recklessly indifferent to the truth or falsity of the Corporate Debt Relief Defendants' misrepresentations.

>    **a.    Hunt**

Plaintiff alleges that Hunt and Lucero were the owners of the Corporate Debt Relief Defendants (Compl. ¶ 2) and that Hunt "participated in and managed the day-to-day business operations of each of the Corporate Debt Relief Defendants" (*id.* ¶ 14). The fact that a company is a small, closely run enterprise and the individual has

1    substantial involvement can be sufficient to show that the individual has actual

2    knowledge or at least reckless disregard for the truth.  *Affordable Media*, 179 F.3d at

3    1235 (control of the telemarketer "establishes strong evidence of [individual's]

4    knowledge").  Moreover, Plaintiff specifically alleges that Defendant Hunt "received

5    consumer complaints against the Corporate Debt Relief Defendants, and was also

6    alerted to consumer complaints that Defendant EAC received from customers to

7    whom EAC had extended credit to pay for the Corporate Debt Relief Defendants'

8    services."  (Compl. ¶ 14; Mot. at 4-5.)  As courts have held that "awareness of

9    consumer complaints is sufficient to establish the 'knowledge' requirement for

10   individual liability," this allegation is sufficient to plead individual liability for

11   Defendant Hunt.  *See Lights of America*, 2013 WL 5320681 at *50; *cf. FTC v. Swish

12   Mktg.*, No. C 09-03814 RS, 2010 WL 653486, at *5 (N.D. Cal. Feb. 22, 2010) (court

13   dismissed claims against individual when complaint had alleged merely that he was

14   the CEO and did not allege knowledge of consumer complaints).

### b.    Lucero

16          Likewise, Plaintiff alleges facts showing Defendant Lucero had the requisite

17   knowledge for individual liability.  Beyond his involvement in entering into

18   agreements and participating in discussions about Corporate Debt Relief Defendants'

19   business, Plaintiff also alleges that "[Lucero] was aware of and developed concern

20   about multiple state attorney general inquiries into their business practices, yet

21   proceeded to create and fund several of the Corporate Debt Relief Defendants."

22   (Compl. ¶ 15.)  In addition to the actual receipt of consumer complaints, courts

23   consider knowledge of state or government complaints and inquiries into a

24   company's business practice as indicia of knowledge.  *See Bay Area Bus. Council*,

25   423 F.3d at 637 (finding that a lawsuit by North Carolina and cease and desist from

26   Montana "more than adequately alerted [the defendant] to the corporations' deceptive

27   trade practices"); *Five Star Auto Club*, 97 F. Supp. 2d at 539 (finding at least reckless

28   indifference to the falsity of corporation's representations where individual defendant

assisted with response to inquiries from state regulators).  These allegations about Defendant Lucero's knowledge of multiple investigations into Corporate Debt Relief Defendants' business practices provides sufficient facts for the Court to draw the reasonable inference that he had the requisite knowledge to be found individually liable for the deceptive conduct alleged in the Complaint.

## IV.   CONCLUSION

Plaintiff has sufficiently put the Individual Defendants on notice of the allegations against them.  The Complaint alleges more than enough facts for the Court to draw the reasonable inference that Defendants Hunt and Lucero can be held individually liable for injunctive and monetary relief for the Corporate Debt Relief Defendants' alleged violations of Section 5 and the TSR under the applicable standard.  Individual Defendants have not argued otherwise in their Motion.  Thus, the Motion should be denied.

In the event the Court finds that Plaintiff has not met the applicable pleading standard, Plaintiff should be permitted to amend its Complaint.


DATED: October 28, 2019


                              */s/ Delilah Vinzon*
                              Delilah Vinzon
                              John D. Jacobs
                              Maricela Segura


                              Attorneys for Plaintiff
                              FEDERAL TRADE COMMISSION