# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| FEDERAL TRADE COMMISSION,<br><br>    Plaintiff,<br><br>  v.<br><br>STUDENT ADVOCATES TEAM, LLC, et al.,<br><br>    Defendants. | Case No.: 8:19-cv-01728-JVS-JDEx<br><br>**ORDER GOVERNING CONFIDENTIAL AND SENSITIVE PERSONAL INFORMATION AS TO PLAITIFF AND INDIVIDUAL DEFENDANTS HUNT AND LUCERO** |

The Court enters this protective order pursuant to Fed. R. Civ. P. 26(c) and 5.2(e), and pursuant to stipulation filed by Plaintiff and Individual Defendants Bradley Hunt and Sean Lucero (the "Parties"). IT IS HEREBY ORDERED:

**I. PURPOSES AND LIMITATIONS**

Discovery in this action is likely to involve production of confidential, proprietary or private information for which special protection from public disclosure and from use for any purpose other than pursuing this litigation may be warranted.

- 1 -
Exhibit 1

Accordingly, the parties hereby stipulate to, and petition the Court to enter, the following Stipulated Protective Order. The parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles.

**II.       GOOD CAUSE STATEMENT**

This action is likely to involve consumers' sensitive personal information and information produced in response to Plaintiff's civil investigative demands for which special protection from public disclosure and from use for any purpose other than prosecution of this action is warranted. Such confidential and proprietary materials and information consist of, among other things, consumers' sensitive personal information, confidential business or financial information (including information implicating privacy rights of third parties), information otherwise generally unavailable to the public, or information which may be privileged or otherwise protected from disclosure under state or federal statutes, court rules, case decisions, or common law.  Further, given the claims in this suit, Defendants claim that the information sought could involve individual defendants' personal/private and confidential information as well as documents that are protected under applicable law as being protected as business trade secrets.  Accordingly, to expedite the flow of information, to facilitate the prompt resolution of disputes over confidentiality of discovery materials, to adequately protect information the parties are entitled to keep confidential, to ensure that the parties are permitted reasonable necessary uses of such material in preparation for and in the conduct of trial, to address their handling at the end of the litigation, and serve the ends of justice, a protective order for such information is justified in this matter. It is the intent of the parties that information will not be designated as confidential for tactical reasons and that nothing be so designated without a good faith belief that it has been maintained in a confidential,

non-public manner, and there is good cause why it should not be part of the public record of this case.

### III. ACKNOWLEDGMENT OF UNDER SEAL FILING PROCEDURE

The parties further acknowledge, as set forth in Section X, below, that this Stipulated Protective Order does not entitle them to file confidential information under seal; Local Civil Rule 79-5 sets forth the procedures that must be followed and the standards that will be applied when a party seeks permission from the court to file material under seal. There is a strong presumption that the public has a right of access to judicial proceedings and records in civil cases. In connection with non-dispositive motions, good cause must be shown to support a filing under seal. *See Kamakana v. City and County of Honolulu*, 447 F.3d 1172, 1176 (9th Cir. 2006), *Phillips v. Gen. Motors Corp.*, 307 F.3d 1206, 1210-11 (9th Cir. 2002), *Makar-Welbon v. Sony Electrics, Inc.*, 187 F.R.D. 576, 577 (E.D. Wis. 1999) (even stipulated protective orders require good cause showing). And a specific showing of good cause or compelling reasons with proper evidentiary support and legal justification must be made with respect to Confidential Material that a party seeks to file under seal. The parties' mere designation of disclosure or discovery material as CONFIDENTIAL does not— without the submission of competent evidence by declaration, establishing that the material sought to be filed under seal qualifies as confidential, privileged, or otherwise protectable—constitute good cause.

Further, if a party requests sealing related to a dispositive motion or trial, then compelling reasons, not only good cause, for the sealing must be shown, and the relief sought shall be narrowly tailored to serve the specific interest to be protected. *See Pintos v. Pacific Creditors Ass'n.*, 605 F.3d 665, 677-79 (9th Cir. 2010). For each item or type of information, document, or thing sought to be filed or introduced under seal, the party seeking protection must articulate compelling reasons, supported by specific facts and legal justification, for the requested sealing order. Again, competent

evidence supporting the application to file documents under seal must be provided by declaration.

Any document that is not confidential, privileged, or otherwise protectable in its entirety will not be filed under seal if the confidential portions can be redacted. If documents can be redacted, then a redacted version for public viewing, omitting only the confidential, privileged, or otherwise protectable portions of the document, shall be filed. Any application that seeks to file documents under seal in their entirety should include an explanation of why redaction is not feasible.

**IV. DEFINITIONS**

A. "Commission" means Plaintiff, Federal Trade Commission.

B. "Party" or "parties" refers to Plaintiff and Individual Defendants Bradley Hunt and Sean Lucero.

C. "Confidential Material" means any material that: (1) contains information that is not known to be in the public domain such as trade secrets, confidential commercial or financial information, or confidential research and development information; and (2) reasonably would cause specific or cognizable harm if disclosed publicly or to unauthorized persons.

D. "Sensitive Personal Information" means any (1) Social Security number; (2) sensitive health-related data including medical records; (3) biometric identifier; or (4) any one or more of the following when combined with an individual's name, address, or phone number: (a) date of birth, (b) driver's license or other state identification number, or a foreign equivalent, (c) military identification number, (d) passport number, (e) financial institution account number, (f) credit or debit card number; or (5) other sensitive information relating to an individual entitled to confidential status under applicable law or by order of this Court.

**V. DESIGNATING CONFIDENTIAL MATERIAL**

A. If a party has a good faith belief that material required to be produced in discovery contains Confidential Material and that good cause exists to overcome the

- 4 -

presumption of public access to material obtained in pretrial discovery, the party must designate such material as follows:

    1.    For paper materials, stamp "CONFIDENTIAL" on each page that contains Confidential Material.

    2.    For electronically stored information, brand it as "CONFIDENTIAL" and mark the electronic storage medium "CONFIDENTIAL."

    3.    For deposition transcripts, identify the specific pages and line numbers that contain Confidential Material within ten [10] days of receipt of the final transcript. If any testimony is identified as Confidential Material during a deposition, absent agreement on the scope of confidentiality, the entire transcript shall be treated as confidential until ten [10] days after the designating party's receipt of the final transcript.

    B.    The designating party must designate as confidential only those portions of materials that contain Confidential Material. Mass or indiscriminate designation of materials as Confidential Material is prohibited.

## VI. CERTIFICATION OF GOOD FAITH DESIGNATIONS

For each document production that contains Confidential Material, the party or the party's counsel must provide a signed declaration at the time of production that: (A) certifies that information designated as Confidential Material contains information not known to be in the public domain; and (B) certifies that good faith efforts were taken to designate as confidential only those materials or portions of materials that meet the definition herein of "Confidential Material."

## VII. INADVERTENT FAILURE TO DESIGNATE CONFIDENTIAL MATERIALS

An inadvertent failure to designate material as "Confidential Material" prior to production or disclosure to the other side does not preclude a subsequent designation. Any disclosure of such material by the receiving party prior to receiving the

designation that such material is confidential shall not be considered a violation of this Order.

In the event of subsequent designation of Confidential Material, the parties shall cooperate to protect such material from future dissemination or public access.

**VIII. CHALLENGING CONFIDENTIALITY DESIGNATIONS**

    A.    Any party receiving Confidential Material may challenge the designating party's confidentiality designation by sending the designating party a written objection by email that sets forth the objecting party's basis for why the material is not confidential.

    B.    Within seven [7] days of a written objection to the designation of Confidential Material, the designating party and the objecting party must meet and confer in good faith to resolve the objection.

    C.    If the designating party and the objecting party are unable to resolve the dispute, the designating party must move the Court for a protective order to uphold the confidentiality designation within seven [7] days of the meet and confer. Failure to seek a protective order within seven [7] days of the meet and confer terminates confidential treatment for the material.

    D.    The burden of establishing that the confidentiality designation is proper is on the designating party.

    E.    Any person or entity receiving Confidential Material may use the procedures set forth in this section to challenge the designating party's confidentiality designation.

**IX. PERMITTED DISCLOSURES OF CONFIDENTIAL MATERIALS AND SENSITIVE PERSONAL INFORMATION**

    A.    Confidential Material or Sensitive Personal Information may be disclosed only to:

        1.    the Court and court personnel;

   2.  the parties' counsel and the parties' counsel's designated employees;

   3.  experts, consultants, contractors, or other persons consulted or retained by the parties or counsel to assist in this litigation (including their employees), provided that they sign Exhibit 1 or execute FTC Form X33-Nondisclosure Agreement for Contractors;

   4.  any person (and his or her counsel) who had prior access to the Confidential Material or Sensitive Personal Information or participated in a communication that is the subject of the Confidential Material or Sensitive Personal Information;

   5.  any other witnesses or persons whom the disclosing party believes in good faith may be witnesses (and their respective counsel), provided that they have signed Exhibit 1 and, with respect to Confidential Material, under the following conditions:

     a)  The party seeking to disclose the Confidential Material must, prior to disclosure, provide written notice to the designating party of its intent to disclose Confidential Material and identify the witness to whom Confidential Material will be disclosed;

     b)  The designating party shall have three [3] days from the date of the written notice to object to the proposed disclosure;

     c)  If the designating party objects within the three [3]-day period, the party seeking the disclosure may not disclose the material to the witness, but may file a motion seeking Court authorization to make such disclosure; and

d)      If the designating party does not object within the three [3]-day period, the party may disclose the Confidential Material to the witness identified in the written notice]; and

            6.      any other persons or entities as required by law or as authorized by this Court.

      B.      Notwithstanding the limitations set forth in Section IX.A and subject to taking appropriate steps to preserve confidentiality, the Commission may use or disclose Confidential Material or Sensitive Personal Information to other governmental entities, as provided by 16 C.F.R. §§ 4.9–4.11, 15 U.S.C. §§ 46(f) and 52, or any other legal obligation imposed upon the Commission. Such entities include officers and employees of Federal or State law enforcement agencies (including duly authorized employees of the Commission) and congressional committees.

**X.      USE OF CONFIDENTIAL MATERIAL IN LITIGATION**

      A Party that seeks to file under seal any Confidential Material must comply with Local Civil Rule 79-5. Confidential Material may only be filed under seal pursuant to a court order authorizing the sealing of the specific Confidential Material. A party seeking to file Confidential Material with the Court must either redact such material before filing or file such material under seal concurrently with a motion to seal the material, in accordance with Local Rule 79-5.2.2(b), unless the designating party consents to the public filing of such material or the Court orders that such material may be filed publicly. If a Party's request to file Confidential Material under seal is denied by the court, then the receiving party may file the information in the public record unless otherwise instructed by the court.

**XI.      USE OF SENSITIVE PERSONAL INFORMATION IN LITIGATION**

      No party may publicly disclose any Sensitive Personal Information without prior approval of this Court. A party seeking to file Sensitive Personal Information publicly in the docket of any action must redact such information before filing, unless

the Sensitive Personal Information is relevant and necessary for the Court's understanding of the issues presented. In such circumstances, a party must file any unredacted Sensitive Personal Information under seal concurrently with a motion to seal the information, in accordance with Local Rule 79-5.2.2(b).

## XII. TREATMENT OF CONFIDENTIAL MATERIALS AND SENSITIVE PERSONAL INFORMATION AFTER LITIGATION

Within sixty [60] days of final resolution of all claims asserted in this action, all parties, experts, contractors, consultant, or other person retained by any party to assist in this litigation, as well as any witness or non-party, must destroy or return all Confidential Material and Sensitive Personal Information they obtained during the course of the litigation, except as follows:

A. Designating parties may maintain copies of all of their own Confidential Material and Sensitive Personal Information.

B. The Commission shall retain, return, or destroy Confidential Material or Sensitive Personal Information in accordance with 16 C.F.R. § 4.12, and may retain such information to assist with other ongoing law enforcement matters or policy or research matters consistent with the Commission's mission, provided that the Commission continues to take all appropriate steps to protect the confidentiality of the materials.

C. Any law enforcement agency other than the Commission that has received copies of any Confidential Material or Sensitive Personal Information may retain such information to assist with other ongoing law enforcement matters, provided that the law enforcement agency continues to take all appropriate steps to protect the confidentiality of the materials.

D. Any congressional committee may maintain copies of Confidential Materials and Sensitive Personal Information obtained from the Commission as required under 15 U.S.C. § 57b-2 and 16 C.F.R. § 4.11(b).

This Order continues to govern Confidential Material and Sensitive Personal Information after the conclusion of the case, absent further order of the Court.

Pursuant to the parties' Stipulation (Dkt. 45) and for good cause shown, IT IS SO ORDERED.

DATED: March 26, 2020

_____
JOHN D. EARLY
United States Magistrate Judge
Hon. John D. Early

# EXHIBIT 1

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| FEDERAL TRADE COMMISSION, | Case No.: 8:19-cv-01728-JVS-JDE |
| Plaintiff, | **ACKNOWLEDGEMENT TO BE BOUND BY PROTECTIVE ORDER** |
| v. | |
| STUDENT ADVOCATES TEAM, LLC, et al., | |
| Defendants. | |

I, _____, acknowledge that I have been provided with a copy of the Protective Order entered in this action, I have reviewed it and understand its terms, and I agree to be bound by its terms and be subject to the jurisdiction of this Court in all matters relating to the Protective Order.

I will treat all Confidential Material and Sensitive Personal Information, as defined in the Protective Order, strictly in accordance with the terms set forth in the Protective Order. I will not share Confidential Material or Sensitive Personal

Information with any unauthorized individual or entities, other than my counsel.  I acknowledge that any unauthorized use or disclosure of such materials by me may constitute contempt of court.

        I declare under penalty of perjury that the foregoing is true and correct.

Date: _____

                                            _____
                                            Signature

                                            _____
                                            Print Name