UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| FEDERAL TRADE COMMISSION,<br><br>                  Plaintiff,<br><br>      v.<br><br>STUDENT ADVOCATES TEAM, LLC, et al.,<br><br>                  Defendants. | Case No.: 8:19-cv-01728-JVS-JDEx<br><br>**ORDER ON STIPULATION BETWEEN PLAINTIFF AND INDIVIDUAL DEFENDANTS BRADLEY HUNT AND SEAN LUCERO RE PRIVLEGE LOGS AND CLAWBACK OF INADVERTENTLY PRODUCED PROTECTED MATERIAL** |

Pursuant to stipulation between Plaintiff and Individual Defendants Bradley Hunt and Sean Lucero, the Court HEREBY ORDERS:

1. **Parties**: The terms "Parties" and "Party" refer to Plaintiff Federal Trade Commission ("Plaintiff") and Individual Defendants Bradley Hunt and Sean Lucero ("Individual Defendants").

2. **Definitions**:

    a.   "**Protected Material**" means any document or ESI that is responsive to a discovery request and which a Party claims is protected from disclosure in whole or in part under the attorney-client privilege, the work-product-doctrine, or any other legal or statutory privilege. Documents or ESI such as attachments to emails, appendices, or enclosures will not be considered Protected Material merely by virtue of being sent to or from an attorney.

    b.   "**Producing Party**" means a Party who has produced material in response to a discovery request or court order or as part of its Initial Disclosures under Rule 26.

    c.   "**Receiving Party**" means a Party who has received material from a Producing Party.

3. **Logging Protected Material:** When a Producing Party withholds or redacts Protected Material from a production, the Producing Party must provide a privilege log that provides sufficient detail to enable the Receiving Party to assess the validity of the Producing Party's claim that the withheld documents or redacted information were, in fact, privileged or otherwise protected from disclosure. *Provided, however*, that documents in the excepted categories listed below may be described on the log merely by category, without Bates numbers, dates, senders, or recipients; *provided further*, that attachments, appendices, enclosures, and other materials that were sent or included with Protected Material but which are not themselves Protected Material shall not be considered exempt from Bates number logging if they have not been produced and/or logged separately. Categories of documents and ESI that are exempt from Bates number logging include:

    a.   Emails, memos, and other communications sent to and from only FTC personnel;

  b. Documents and ESI relating to any pre-Complaint investigation by the FTC of any of the Defendants in this matter that were authored or created by FTC personnel and have not been shared with any non-FTC personnel;

  c. Documents and ESI relating to this matter that were authored or created by FTC personnel on or after September 11, 2019, which is the date on which the Complaint in this action was filed, and have not been shared with any non-FTC personnel;

  d. Emails, memos, and other communications sent to and from only Gordon Rees personnel;

  e. Documents and ESI relating to any pre-Complaint investigation by the FTC of any of the Defendants in this matter that were authored or created by Gordon Rees personnel on or after August 29, 2017, and have not been shared with any non-Gordon Rees personnel;

  f. Documents and ESI relating to this matter that were authored or created by any Gordon Rees personnel on or after September 11, 2019 and have not been shared with any non-Gordon Rees personnel other than the Individual Defendants; and

  g. Communications between Gordon Rees personnel and the Individual Defendants providing, requesting, or reflecting legal advice regarding the claims in this action.

4. **Reasonable Steps Required to Avoid Inadvertent Disclosure:** The Parties agree to take reasonable steps to prevent inadvertent disclosure of Protected Materials.

5. **Procedure When a Party Learns It Has Inadvertently Produced Protected Material:** If, after producing documents in response to any discovery request, a Producing Party discovers that it has inadvertently produced Protected Materials:

A. The Producing Party must promptly take reasonable steps to rectify the error, including:

i. identifying any other Protected Materials that the Producing Party also inadvertently produced in response to a discovery request;

ii. notifying the Receiving Party or Parties of the inadvertent production of Protected Materials; and

iii. requesting the return, sequestration, or destruction of such materials.

B. A Receiving Party must comply with a Producing Party's request to return, sequester, or destroy inadvertently produced Protected Materials within seven days of receiving the request. A Producing Party who makes such a request must preserve at least one copy of the inadvertently produced Protected Materials until the case has been completely resolved.

6. **Procedure When a Receiving Party Sends Notice that It Received Inadvertent Production of Protected Materials**: If a Receiving Party notifies a Producing Party that the Receiving Party has discovered documents that appear to be Protected Materials:

A. The Receiving Party must cease reviewing such materials until it receives a response from the Producing Party, or the passage of seven days, whichever is earlier;

B. Within seven days of receiving notice from the Receiving Party of the potential inadvertent production of Protected Materials, the Producing Party must assert privilege or other protection from disclosure and request that the Receiving Party immediately return or destroy such materials, or continue sequestering them. If the Producing Party fails to respond within seven days of receiving notice from the Receiving Party of the production of Protected Materials, then production of those

          materials will cease to be inadvertent and the Producing Party will have waived any claim that such materials are privileged or otherwise protected from disclosure; and

    C.    If, after receiving such notice, the Producing Party makes a timely request for the return or destruction of the inadvertently produced Protected Materials, the Receiving Party must comply with that request within seven days of receiving it.  The Producing Party, however, must preserve at least one copy of the inadvertently produced Protected Materials until this action is completely resolved.  If the Producing Party makes a timely request that the Receiving Party continue sequestering the inadvertently produced Protected Materials, the Receiving Party must comply with that request until further notice from the Producing Party or until this action has been completely resolved, whichever is earlier.

7. **Privilege Log Following Request Re Inadvertent Production**: Within seven days of the Receiving Party's compliance with a request from the Producing Party to return, sequester, or destroy inadvertently produced Protected Materials, the Producing Party must provide the Receiving Party with a privilege log that provides sufficient detail to enable the Receiving Party to assess the validity of the Producing Party's claim that the documents that were returned, sequestered, or destroyed were, in fact, privileged or otherwise protected from disclosure.

8. **Right to Challenge:**  A Receiving Party's compliance with a request from a Producing Party to return, sequester, or destroy any inadvertently produced Protected Materials does not waive the Receiving Party's right to challenge the validity of the Producing Party's claim that such materials were privileged or protected from disclosure.

9. **Subject Matter Waiver**:

A. **Timely Requests:** If a Producing Party makes a timely request to return, sequester, or destroy any inadvertently produced Protected Materials pursuant to Paragraph 6 or Paragraph 7 of this Agreement, the Parties agree that the Producing Party's inadvertent production of those Protected Materials shall not operate as a waiver of any protections over the Protected Materials themselves or the subject matter of the Protected Materials.

B. **Untimely Requests:** If the Producing Party fails to respond within seven days of receiving notice from the Receiving Party of the receipt of potentially Protected Materials pursuant to Paragraph 6.B of this Stipulation, such that a waiver applies as set forth in Paragraph 6.B, then production of those materials will operate as a subject matter waiver over other undisclosed Protected Materials only if (A) the waiver is intentional; (B) the inadvertently produced and undisclosed materials concern the same subject matter; and (C) the inadvertently produced and undisclosed materials ought in fairness to be considered together.

Pursuant to the parties' Stipulation (Dkt. 46) and for good cause shown, IT IS SO ORDERED.

DATED: March 26, 2020

_____
JOHN D. EARLY
United States Magistrate Judge
Hon. John D. Early