DELILAH VINZON
  Cal. Bar No. 222681; dvinzon@ftc.gov
JOHN D. JACOBS
  Cal Bar No. 134154; jjacobs@ftc.gov
MARICELA SEGURA
  Cal. Bar No. 225999; msegura@ftc.gov
Federal Trade Commission
10990 Wilshire Boulevard, Suite 400
Los Angeles, CA 90024
Tel: (310) 824-4300; Fax: (310) 824-4380

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| FEDERAL TRADE COMMISSION,<br><br>  Plaintiff,<br><br>  v.<br><br>STUDENT ADVOCATES TEAM, LLC,<br>  a limited liability company, et al.<br><br>  Defendants. | Case No.: 8:19-cv-01728-JVS-JDE<br><br>**STIPULATION BETWEEN PLAINTIFF AND DEFENDANTS HUNT AND LUCERO RE TAKING DEPOSITIONS BY REMOTE MEANS** |

    Plaintiff  Federal Trade Commission ("Plaintiff" or "FTC") and Defendants Bradley Jason Hunt and Sean Quincy Lucero (collectively, "Defendants") (Plaintiff and Defendants, collectively, "Parties") hereby stipulate and agree as follows:

    WHEREAS, discovery in this matter is ongoing;

    WHEREAS, the Parties anticipate that depositions in this matter will need to be taken;

WHEREAS, there is a continuing public concern over the spread of COVID-19, and the Parties desire to minimize the risk of exposure to COVID-19;

WHEREAS, in light of these factors, counsel for the Parties have met and conferred regarding protocols that should apply to the taking of depositions in this matter;

NOW, THEREFORE, Plaintiff and Defendants stipulate to entry of an order with the following terms:

## I. GENERAL PRINCIPLES AND DURATION OF THIS ORDER

A. This Order is intended to allow the Parties to continue deposition discovery in light of the ongoing COVID-19 pandemic.

B. The Court and counsel recognize that the COVID-19 pandemic requires the Parties to be flexible in undertaking deposition discovery in this litigation. The Parties are encouraged to take steps that will enable deponents, the Parties, their counsel, and other personnel, including court reporters and videographers, to complete depositions in a manner that appropriately accounts for personal health care needs.

C. This Order shall govern all depositions taken by Remote Means of any witnesses of any of the Parties. "Remote Means" shall mean procedures for taking depositions that comply with local, state and federal guidance, regulations, and orders concerning social distancing and public health, including by (a) telephone, (b) video-conferencing platforms that allow for the deponent, the deponent's counsel, Plaintiffs' counsel, Defendants' counsel, the court reporter, and videographer to participate in the deposition without attending the deposition in-person, or (c) any other means that the Deposing Counsel, defending counsel, and attending counsel agree to.

D. In addition, this Order shall be provided to any non-party witness or such non-party witness's counsel concurrently with the service of any subpoena that

requests that a non-party deposition be taken by Remote Means to determine whether said non-party agrees to the provisions of this Order. In the case of any non-party witness that has been subpoenaed prior to the entry of this Order, this Order shall be provided to such non-party witness promptly upon the entry of this Order.

      E.     Unless otherwise stated, this Order is not intended to alter, expand, or limit the applicable Federal Rules of Civil Procedure, Federal Rules of Evidence, and/or court orders.

## II.    PROCEDURES FOR TAKING DEPOSITIONS BY REMOTE MEANS

      A.     Pursuant to Fed. R. Civ. P. 29(a) and Fed. R. Civ. P. 30(b)(4), counsel for the party requesting a deposition in this case ("Deposing Counsel") may notice the deposition to occur by Remote Means.

      B.     Pursuant to Fed. R. Civ. P. 30(f)(2), Deposing Counsel shall be responsible for ensuring that any exhibits that they wish to mark and use at the deposition can be shown to the witness in a manner that enables the witness to review the exhibits during the course of the deposition. Deposing counsel shall select the means of marking and using exhibits, which may include any of the following:

          (1)     using a video conferencing platform that enables Deposing Counsel to display the entirety of any exhibits electronically to the deponent, court reporter, defending counsel, and attending counsel;

          (2)     emailing pre-marked exhibits to the deponent, defending counsel, attending counsel, and the court reporter in advance of the deposition;

          (3)     sending via FedEx, U.S. Postal Service, or UPS pre-marked exhibits to the deponent, defending counsel, attending counsel, and the court reporter in advance of the deposition; or

        (4)    any other means that the Deposing Counsel, defending counsel, and attending counsel agree to.

If the Remote Means utilized does not permit for the court reporter to mark exhibits remotely, Deposing Counsel shall be responsible for pre-marking exhibits.

    C.    As used in Fed. R. Civ. P. 28(a)(1)(A), the "place of examination" is the location of the deponent.  A court reporter may use Remote Means to administer an oath to the deponent, without being physically present in the same room with the deponent.  When a deposition is being conducted by Remote Means, the duty to identify all persons present as set forth in Fed. R. Civ. P. 30(b)(5)(A)(v) shall be satisfied by identifying all persons who are known by the reporter or officer to be participating in the deposition, including without limitation, as applicable, the witness, counsel for the witness, Deposing Counsel, and counsel for the respective parties.

    D.    During the course of a deposition conducted by Remote Means, in the absence of an agreement by the Parties, no one shall be present with the deponent.

    E.    Deposing Counsel and the deponent's counsel shall meet, confer, and cooperate to ensure that the deponent has technology sufficient to attend and participate in the deposition via Remote Means.  Any party may object to a deposition occurring by Remote Means if the deponent is unable to secure technology that is sufficient.

    F.    Deposing Counsel is responsible for ensuring that the Remote Means utilized for a deposition allows for the court reporter to accurately record the deponent's testimony.  Either Deposing Counsel or the deponent's counsel may elect to have a technical specialist attend a deposition that is taken by Remote Means to ensure that technical issues are resolved in a timely manner.

    G.    In the event a deponent (including, without limitation, any individual designated to testify pursuant to Rule 30(b)(6)) does not have access to an appropriate space, or to the proper software, hardware, or other relevant equipment to attend a

deposition by video conference, or for any other reason wishes to attend the deposition in person, he or she may notify Deposing Counsel at least three days in advance of the deposition of his or her intent to appear in person at the location designated in the subpoena/deposition notice.

      1. In that event, Deposing Counsel shall arrange for the provision of the necessary space, software, hardware, and any other relevant equipment at that location.

      2. Should a deponent elect to appear personally, any counsel or party who wishes to appear in person at the deposition may do so.

      3. Individuals who appear in person at the location designated in the subpoena/deposition notice shall, to the extent possible, refrain from physical contact and practice appropriate social distancing.

H. Should technical issues materially interfere with the Parties' ability to take any deposition pursuant to this Order on the scheduled date and such technical issues cannot be remedied in a timely manner, the deponent's counsel, Plaintiffs' counsel, and Defendants' counsel shall meet, confer, and reasonably cooperate with one another regarding the rescheduling of the deposition.

I. In addition to recording deposition testimony by stenographic means, the deposing party may record the deposition by video in such manner as would be admissible in court.

J. All objections to the use and admissibility of the transcript or video of a deposition taken pursuant to this Order based on the fact that the deposition was taken by Remote Means are deemed waived except as otherwise provided herein.

K. Deposing Counsel and defending counsel shall be responsible for ensuring that they have a means of communicating with co-counsel or the deponent, as the case may be, during breaks in the deposition; the parties agree not to oppose reasonable accommodations to allow such conferences during breaks, as well as communications between co-counsel during the deposition.

L. Communication between counsel and a witness shall be on the record unless all parties have agreed to go off the record. Coaching of witnesses is prohibited. Counsel shall not communicate with a witness using text, email, or a phone call while the deposition is in session.

M. All persons attending depositions taken pursuant to this Order shall ensure that they can do so in a space that is relatively free from distractions that would inhibit the course of the deposition.

N. Notwithstanding the foregoing, nothing in this Order prohibits any witness, party, or non-party, or any counsel for any witness, party or non-party, from objecting to specific depositions occurring by Remote Means including, but not limited to, on the grounds that having counsel physically separate from the witness would constitute a violation of the witness's, the party's or the non-party's due process rights. Such objections shall be raised promptly after receipt of the subpoena/deposition notice. In the case of a non-party witness that has been subpoenaed prior to the entry of this Order, such objections shall be raised promptly after receipt of this Order. In the event that one or more such objections are raised, the witness, Parties, or the non- party, through their respective counsel, shall meet and confer in a good faith effort to resolve the objection(s) before seeking relief

///

before this Court, in the case of a party, or, in the case of a non-party, before the court where compliance is required pursuant to Fed. R. Civ. P. 45(d).

**SO STIPULATED:**

**ON BEHALF OF PLAINTIFF FTC**

DATED: <u>Sept 22, 2020</u>

      /s/  John D. Jacobs
Delilah Vinzon
John D. Jacobs
Maricela Segura
FEDERAL TRADE COMMISSION

Attorneys for Plaintiff

**ON BEHALF OF INDIVIDUAL DEFENDANTS**
**BRADLEY HUNT AND SEAN LUCERO**

DATED: <u>Sept 22, 2020</u>

      /s/  Hooshie Broomand
I. Hooshie Broomand
GORDON REES SCULLY MANSUKHANI
Attorneys for Individual Defendants

Plaintiff's counsel hereby attests that counsel for the Individual Defendants concurs in the content of this stipulation and has authorized the filing of this stipulation.