DELILAH VINZON
  Cal. Bar No. 222681; dvinzon@ftc.gov
JOHN D. JACOBS
  Cal Bar No. 134154; jjacobs@ftc.gov
MARICELA SEGURA
  Cal. Bar No. 225999; msegura@ftc.gov
Federal Trade Commission
10990 Wilshire Boulevard, Suite 400
Los Angeles, CA 90024
Tel: (310) 824-4300; Fax: (310) 824-4380

Attorneys for Plaintiff Federal Trade Commission

I. HOOSHIE BROOMAND
Cal. Bar No.  210206
GORDON REES SCULLY MANSUKHANI, LLP
3 Parkcenter Drive, Suite 200
Sacramento, CA 95825
Tel: (916) 565-2900
Fax: (916) 920-4402
hbroomand@grsm.com

Attorneys for Defendant Bradley Jason Hunt and
Sean Quincy Lucero

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| FEDERAL TRADE COMMISSION,<br><br>               Plaintiff,<br><br>          v.<br><br><br><br>STUDENT ADVOCATES TEAM, LLC,<br>et al., | ) Case No.: 8:19-cv-01728-JWH-JDE<br>)<br>) **JOINT STIPULATION PURSUANT**<br>) **TO LOCAL RULE 37-2**<br>) **REGARDING PLAINTIFF'S**<br>) **MOTION TO COMPEL**<br>) **RESPONSES TO PLAINTIFF'S**<br>) **REQUESTS FOR PRODUCTION**<br>) **OF DOCUMENTS (SET ONE AND**<br>) **SET TWO) TO DEFENDANT**<br>) **BRADLEY JASON HUNT AND**<br>) **PLAINTIFF'S REQUESTS FOR**<br>) **PRODUCTION OF DOCUMENTS** |

Defendants.

) **(SET TWO) TO DEFENDANT SEAN**
) **QUINCY LUCERO**
)
) Magistrate: Hon. John D. Early
) Date: November 5, 2020
) Time: 10:00 a.m.
) Courtroom: 6A
) Discovery Cutoff: January 27, 2021
) Pretrial Conference: May 10, 2021
) Trial Date: May 22, 2021
)

# **TABLE OF CONTENTS**

I.      INTRODUCTORY STATEMENTS ...................................................................2

    A.      Plaintiff's Introductory Statement..............................................2

    B.      Defendant's Introductory Statement ..........................................6

II.     HUNT SET ONE REQUEST NOS. 21-27, 29 .................................6

    A.      Plaintiff's Contentions and Points of Authorities Re Hunt Set One Request Nos. 21-27, 29 .................................13

    B.      Defendant's Contentions and Points of Authorities Re Hunt Set One Request Nos. 21-27, 29 .................................13

III.    HUNT SET ONE REQUEST NO. 36 .................................14

    A.      Plaintiff's Contentions and Points of Authorities Re Hunt Set One Request No. 36 .................................14

    B.      Defendant's Contentions and Points of Authorities..........................16

IV.     HUNT SET ONE REQUEST NOS. 63-64 .................................16

    A.      Plaintiff's Contentions and Points of Authorities re Hunt Set One Request Nos. 63-64 .................................18

    B.      Defendant's Contentions and Points of Authorities re Hunt Set One Request Nos. 63-64 .................................18

V.      HUNT SET TWO REQUEST NO. 1 .................................19

    A.      Plaintiff's Contentions and Points of Authorities re Hunt Set Two Request No. 1 .................................20

    B.      Defendant's Contentions and Points of Authorities re Hunt Set Two Request No. 1 .................................21

VI.     LUCERO SET TWO REQUEST FOR PRODUCTION NOS. 1-2.................21

    A.      Plaintiff's Contentions and Points of Authorities re Lucero Set Two Request for Production Nos. 1-2.................23

    B.      Defendant's Contentions and Points of Authorities re Lucero Set Two Request for Production Nos. 1-2.................25

Pursuant to Rule 37 of the Federal Rules of Civil Procedure and Local Rule 37-2 of the Local Rules of this Court, Plaintiff Federal Trade Commission ("FTC" or "Commission") and Defendants Bradley Jason Hunt and Sean Quincy Lucero ("Defendants") respectfully submit the following Joint Stipulation for Motion to Compel Responses to Discovery. Plaintiff has attempted unsuccessfully to resolve the disputes addressed herein and Plaintiff therefore respectfully seeks the assistance of the Court.

## I.    INTRODUCTORY STATEMENTS

### A.    Plaintiff's Introductory Statement

Defendants Bradley Jason Hunt and Sean Quincy Lucero have not produced a single document in response to the two sets of Requests for Production of Documents propounded by the FTC. Rather than producing documents, Defendants have merely pointed to documents that Mr. Hunt, Mr. Lucero and certain of the corporate defendants produced on or before November 13, 2017 (the "November 2017 Productions") in response to the FTC's August 29, 2017 Civil Investigative Demand. While Defendants have not outright refused to produce the documents described below, they have yet to produce them or commit to a timeline for production. Thus, to avoid prejudice to Plaintiff's ability to timely complete discovery in this case, Plaintiff seeks to compel production of these documents without further delay.

### 1.    Plaintiff's Requests and Defendants' Responses

At issue are documents that Plaintiff requested in (1) Plaintiff's First Set of Requests for Production of Documents Propounded to Defendant Bradley Hunt, ("Hunt Set One"); (2) Plaintiff's Second Set of Requests for Production of Documents Propounded to Defendant Bradley Hunt ("Hunt Set Two"); and (3) Plaintiff's Second Set of Requests for Production of Documents Propounded to Defendant Sean Lucero ("Lucero Set Two").

2

Plaintiff propounded Hunt Set One on Defendant Hunt on or about December 5, 2019.  Mr. Hunt served his responses on or about January 21, 2020.  (Declaration of Delilah Vinzon ("Vinzon Decl."), ¶ 2, Ex. A.)  Plaintiff propounded Hunt Set Two and Lucero Set Two on March 4, 2020.  Mr. Hunt served his responses on or about April 6, 2020.  (Vinzon Decl. ¶ 3, Ex. B.)  Mr. Lucero also served his responses that same day.  (Vinzon Decl. ¶ 3, Ex. C.)

2.   <u>History of Dispute</u>

On March 5, 2020, Plaintiff sent a meet and confer letter to Defendants regarding their respective responses to Sets One.  (Vinzon Decl. ¶ 4, Ex. D.)  On March 23, 2020, the parties engaged in a telephonic conference of counsel pursuant to Local Rule 37-1, just days after the COVID-19 pandemic caused office locations for the FTC and Defendants' counsel to shut down.  The parties discussed the issues raised in the March 5 letter, and Defendants' counsel informed Plaintiff's counsel that they did not have access to documents due to office closures caused by the COVID-19 pandemic.  The parties agreed to discuss the matter further in the coming weeks.

Following that call, on April 6, 2020, Defendants responded to Hunt Set Two and Lucero Set Two.  They each responded to every request as follows:

> Subject to the foregoing objections: Responding party states that due to the current shut down of businesses and/or inability to access documents as a direct result of the current COVID-19 pandemic, responding party cannot state if such documents exist at this time. Upon the lifting of the quarantine and access to the current documents, defendant will supplement the current response should there be any responsive documents.

Subsequently, in consideration of the challenges presented by the COVID-19 pandemic and the parties' anticipated efforts to resolve the matter through, in part, a June 2020 mediation, the parties stipulated to an extension of discovery deadlines and Plaintiff attempted to work with Defendants to obtain documents.

On August 3, 2020, after several months of businesses and law firms operating remotely during the COVID-19 pandemic, Plaintiff's counsel sent Defendants' counsel a letter seeking production by August 31, 2020 of documents responsive to the outstanding requests.  Alternatively, Plaintiff's counsel requested that the parties meet and confer pursuant to Local Rule 37-1.  (Vinzon Decl. ¶ 6, Ex. E.)  Defendants did not respond to the letter.

As the parties continued their discussions about potential resolution of the matter, on August 13, 2020, Defendants' counsel agreed to search for and produce Mr. Hunt's and Mr. Lucero's emails.  (Vinzon Decl. ¶ 7, Ex. F.)  On August 20, 2020, Defendants' counsel confirmed his intention to produce Mr. Lucero's emails by August 25, 2020 and to engage an independent company to review email accounts to ensure all documents were produced.  He also expressed his intention to produce Mr. Hunt's emails, which were not part of the independent company's email collection, within two weeks (around September 3, 2020).  (Vinzon Decl. ¶ 8, Ex. G.)

However, Defendants did not produce any emails or other documents by August 25 and failed to provide the results of any independent review.  Plaintiff's counsel sent Defendants' counsel four emails between August 26 and September 8, 2020 inquiring about Defendants' intention to produce their emails.  (Vinzon Decl. ¶ 9, Exs. H, I.)  Defendants did not respond.  Defendants went silent for two weeks.

Defendants ultimately communicated to Plaintiff on September 9, 2020 to schedule a call.  (Vinzon Decl. ¶ 10, Ex. J.)  On a September 10, 2020, during a telephonic conference of counsel, Defendants' counsel made numerous representations about producing Mr. Hunt's and Mr. Lucero's emails, reviewing and producing other responsive documents, and supplementing Defendants' written responses.  Then, by email dated September 12, 2020, Defendants' counsel committed to produced Mr. Lucero's emails by September 18 and Mr. Hunt's emails

4

1   by September 25.  (Vinzon Decl. ¶ 12, Ex. K.)  Plaintiff requested a status update on

2   September 21.  (Vinzon Decl. ¶ 14, Ex. L.)

3        On September 23, Defendants confirmed that they had loaded document into

4   their review platform and hope to produce document by September 25.  Again,

5   Defendants did not produce any documents on that timeline.  On September 28, after

6   Defendants failed to produce documents by September 25 and over a month after

7   Defendants said they would produce Mr. Lucero's emails, Plaintiff requested that

8   Defendants agree to a timeline for production.  (Vinzon Decl. ¶ 16, Ex. M.)

9   Defendants ignored this request, and Plaintiff circulated a draft joint stipulation

10  regarding this Motion on October 1.  (Vinzon Decl. ¶ 18, Ex. N.)

11       On October 6, prior to the deadline to return Defendants' portion of the Joint

12  Stipulation, Defendants' counsel informed Plaintiff's counsel of their intention to

13  produce documents by October 12, and advised that if such production was not

14  forthcoming and if Defendants did not respond to provide input to the Joint

15  Stipulation, Plaintiff could file the motion following close of business on October 13.

16  Plaintiff agreed, and confirmed that if a complete production was not made by

17  October 12, Plaintiff would file this Motion and Joint Stipulation. (Vinzon Decl. ¶ 19,

18  Ex. O.)

19       On October 12, Defendants produced the SAT Supplemental Production

20  containing one 2367 page .pdf of what appears to be at least some of Mr. Lucero's

21  emails, but not a complete production of all outstanding documents responsive to the

22  Requests for Production at issue in the Motion.  (Vinzon Decl. ¶ 20, Ex. P.)  In

23  response, on October 13, Plaintiff noted the deficiencies in the form of Defendants'

24  production and requested that that Defendants produce the SAT Supplemental

25  Production in a format consistent with the Instructions for ESI production in the

26  Requests and as the parties had discussed.  Plaintiff's counsel also requested that

27  Defendants stipulate to a deadline to complete production to avoid the need to file

28

this Motion.  (Vinzon Decl. ¶ 21, Ex. Q.)  As of the time this Motion has been filed, Defendants have not responded.  Defendants also did not provide their portion of this Joint Stipulation by the agreed deadline.  In accordance with Defendant's counsel's authorization that Plaintiff could file this Joint Stipulation if Defendants did not respond, Plaintiff submitted this Joint Stipulation with no position statements from Defendants.

Defendants' delay in producing documents has created a serious obstacle to Plaintiff's anticipated discovery, including taking depositions of Defendants and third party witnesses.  To avoid further delay and to ensure that documents are produced within sufficient time to allow Plaintiff to complete discovery under the current deadlines, Plaintiff respectfully requests that the Court order Defendants, within two weeks of the Court's order, to conduct a diligent search for responsive documents addressed herein and (i) produce such documents or (ii) provide a sworn statement that no such documents exist, describing the methods employed by Defendants to locate responsive documents in sufficient detail to allow Plaintiff and the Court to evaluate the sufficiency of those efforts.

### B.    Defendant's Introductory Statement

[]

## II.    HUNT SET ONE REQUEST NOS. 21-27, 29

**REQUEST FOR PRODUCTION NO. 21:**

With respect to each of the entities listed below, produce all communications between the CDRD[1] and the entity that include, refer or relate to any subpoena, civil

---

[1] "CDRD" is defined in the definitions section to mean "Corporate Debt Relief Defendants," and is used in reference to Defendants Progress Advocates Group, LLC, Student Advocates Team, LLC, Student Advocates Group, LLC, and Assurance Solutions Services, LLC, sometimes referred to herein as the "Corporate Defendants".

investigative demand, or investigation that addresses representations that the CDRD made to prospective customers or the timing of the request or receipt of customer fee payments:

     a.    any state Attorney General's office

     b.    any other state agency, division, or department;

     c.    any federal agency, including but not limited to the Consumer Financial Protection Bureau; or

     d.    any county or city agency.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 21:**

Objection: This request is asking individual, Bradley Hunt for documents from businesses and therefore is improper.  This request is compound, contains subparts in violation of the limits set under the Code of Civil Procedure and the Court's Pre-Trial Order. This request is vague as to the term "materially different", "cash customers" and vague as to time.  Subject to and without waiving the foregoing, and in an attempt to respond in a good faith manner, responding party states: Documents produced in other actions could/are subject to protective orders. However, to the extent documents exist, such documents will be produced upon the execution of a stipulated protective order.

**REQUEST FOR PRODUCTION NO. 22:**

Separately for each CDRD, produce copies of all documents relating to any subpoena, civil investigative demand, or investigation by a government agency, department or division that addresses representations that the CDRD made to prospective customers or the timing of the request or receipt of customer fee payments.  This request does not seek materials that are responsive to Request No. 21.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 22:**

Objection: This request is asking individual, Bradley Hunt for documents from businesses and therefore is improper. This request is compound, contains subparts in violation of the limits set under the Code of Civil Procedure and the Court's Pre-Trial Order. This request is vague as to time. Subject to and without waiving the foregoing, and in an attempt to respond in a good faith manner, responding party states: Documents produced in other actions could/are subject to protective orders. However, to the extent documents exist, such documents will be produced upon the execution of a stipulated protective order.

**REQUEST FOR PRODUCTION NO. 23:**

Separately for each CDRD, produce copies of all other documents relating to communications that the CDRD received from any state Attorney General's office or other state agency, division, or department, from any federal agency, from any county or city agency, or from any Better Business Bureau, and which touches on the topic of representations that the CDRD made to prospective customers or the timing of the request or receipt of fee payments.  This request does not seek materials that are responsive to Request No. 22.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 23:**

Objection: This request is asking individual, Bradley Hunt for documents from businesses and therefore is improper. This request is compound in violation of the limits set under the Code of Civil Procedure and the Court's Pre-Trial Order. This request is vague as to the term "fee payments", seeks documents that are irrelevant, and vague as to time. Subject to and without waiving the foregoing, and in an attempt to respond in a good faith manner, responding party states: Responding party refers to the response and objections to Request for Production number 22 and incorporates the response  herein.

8

**REQUEST FOR PRODUCTION NO. 24:**

Separately for each CDRD, produce

(a)    all documents constituting, reflecting or memorializing any complaint that was made by or received from any customer or former customer of the CDRD, or any person acting on behalf of a customer or former customer;

(b)    all responses the CDRD sent in response to such customer complaints; and

(c)    all other documents discussing or referring to any such customer complaint.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 24:**

Objection: This request is asking individual, Bradley Hunt for documents from businesses and therefore is improper. This request is compound, contains subparts in violation of the limits set under the Code of Civil Procedure and the Court's Pre-Trial Order. This request is vague as to the term "complaint" and "complaints". Subject to and without waiving the foregoing, and in an attempt to respond in a good faith manner, responding party states:  Documents produced in other actions could/are subject to protective orders. However, to the extent documents exist, such documents will be produced upon the execution of a stipulated protective order.

**REQUEST FOR PRODUCTION NO. 25:**

Separately for each CDRD, produce

(a)    all communications with any of the following entities that refer to, include, or memorialize any consumer complaint or any other communication or information that the entity had received, or stated it had received, from a customer of the CDRD:

1)    any state Attorney General's office;

2)    any other state agency, division, or department;

9

3)   any federal agency, including but not limited to the Consumer Financial Protection Bureau;

4)   any county or city agency;

5)   any Better Business Bureau; and

(b)   all documents that refer to any such complaint or communication.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 25:**

Objection:  This request is asking individual, Bradley Hunt for documents from businesses and therefore is improper.  This request is compound, contains subparts in violation of the limits set under the Code of Civil Procedure and the Court's Pre-Trial Order. This request is vague as to the term "complaint" and "complaints". Subject to and without waiving the foregoing, and in an attempt  to respond in a good faith manner, responding party states: Documents produced  in other actions could/are subject to protective orders.   However, to the extent documents exist, such documents will be produced upon the execution of a stipulated protective order.

**REQUEST FOR PRODUCTION NO. 26:**

Separately for each CDRD, with respect to each lawsuit to which the CDRD was a party and which touched on the topic of representations that the CDRD made to prospective customers or the timing of the request or receipt of customer fee payments, produce all documents that the CDRD produced to any other party pursuant to litigation.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 26:**

This request is compound, overbroad, harassing and unintelligible. This request lacks foundation and calls for speculation as phrased. Objection, this request seeks the disclosure of private consumer/customer information protected by the United States and California Constitutions. This request is asking individual, Bradley Hunt for documents from businesses and therefore is improper.

10

This request is compound in violation of the limits set under the Code of Civil Procedure and the Court's Pre-Trial Order. This request as phrased seeks the disclosure of attorney work product and attorney client privileged communications and violates Rule 26 as it demands the premature disclosure of expert documentation.  Further, this request seeks the disclosure of business trade secrets. Additionally, this request is vague as to time. Subject to and without waiving the foregoing objections, responding party states: Documents produced in other actions could/are subject to protective orders. However, to the extent documents exist, such documents will be produced upon the execution of a stipulated protective order.

**REQUEST FOR PRODUCTION NO. 27:**

Separately for each CDRD, produce all emails and other communications sent to or by Defendant Hunt or Defendant Lucero discussing or otherwise relating to the subject of whether customers or prospective customers believed that, by purchasing the CDRD's service, they would receive forgiveness or permanent reduction or elimination of payments or balances of any student loan debt.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 27:**

This request is compound, overbroad, harassing and unintelligible.  This request lacks foundation and calls for speculation as phrased. Objection, this request seeks the disclosure of private consumer/customer information protected by the United States and California Constitutions. This request is asking Defendant, Bradley Jason Hunt for documents from businesses and therefore is improper. This request is compound in violation of the limits set under the Code of Civil Procedure and the Court's Pre-Trial Order. This request as phrased seeks the disclosure of attorney work product and attorney client privileged communications and violates Rule 26 as it demands the premature disclosure of expert documentation. Further, this request seeks the disclosure of business trade

secrets. Additionally, this request is vague as to time. Subject to and without waiving the foregoing objections, responding party states: Documents produced in other actions could/are subject to protective orders. However, to the extent documents exist, such documents will be produced upon the execution of a stipulated protective order.

**REQUEST FOR PRODUCTION NO. 29:**

Separately for each CDRD, produce all emails and other communications that discuss, or refer to actual or draft scripts for CDRD salespeople, dialers, or compliance personnel.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 29:**

This request is compound, overbroad, harassing and unintelligible. This request lacks foundation and calls for speculation as phrased. Objection, this request seeks the disclosure of private consumer/customer information protected by the United States and California Constitutions. This request is asking individual, Bradley Hunt for documents from businesses and therefore is improper. This request is compound in violation of the limits set under the Code of Civil Procedure and the Court's Pre-Trial Order. This request as phrased seeks the disclosure of attorney work product and attorney client privileged communications and violates Rule 26 as it demands the premature disclosure of expert documentation. Further, this request seeks the disclosure of business trade secrets. Additionally, this request is vague as to time. Subject to and without waiving the foregoing objections, responding party states: To the extent documents exist, such documents will be produced upon the execution of a stipulated protective order.

## A.     Plaintiff's Contentions and Points of Authorities Re Hunt Set One Request Nos. 21-27, 29

In the Complaint, Plaintiff has alleged that the Corporate Debt Relief Defendants made various deceptive representations in telemarketing their debt relief services to student loan borrowers, and that they requested and accepted fees in advance of performing the promised services, in violation of Section 5 of the Federal Trade Commission Act ("Section 5"), 15 U.S.C. § 45, and the Telemarketing Sales Rule ("TSR"), 16 C.F.R. Part 310.  Plaintiff further alleges the Defendants Hunt and Lucero should be held individually liable for the deceptive conduct because they directly participated in or had authority to control the Corporate Defendants' unlawful conduct and because they knew or should have known that the Corporate Defendants were engaging in deceptive conduct.  Hunt Set One Request Nos. 21-27 and 29 seek documents related to consumer complaints, governmental agency investigations and the Defendants' involvement in responding to such investigations, and the representations made to consumers on telemarking calls.  These documents may be relevant to establishing the underlying deceptive practices and the individual defendants' participation or control and knowledge of such practices.

In response to each of Hunt Set One Requests 21-27 and 29, Mr. Hunt stated that to the extent documents exist, "such documents will be produced upon the execution of a stipulated protective order."  The Court entered the parties' stipulated protective order on March 26, 2020 [Doc. No. 47].  The condition of a protective order as a prerequisite to production therefore has been satisfied.  Accordingly, Mr. Hunt should be ordered to conduct a diligent search without further delay, and to produce responsive documents, subject to the protective order as applicable.

## B.     Defendant's Contentions and Points of Authorities Re Hunt Set One Request Nos. 21-27, 29

[]

### III.    HUNT SET ONE REQUEST NO. 36

**REQUEST FOR PRODUCTION NO. 36:**

Separately for each CDRD, produce all monthly, quarterly, and yearly income statements for the CDRD that show the amount of revenues that (a) the CDRD received from consumer fees (directly or by way of Automated Payment Network, Inc. or any other third-party payment processor) during the relevant period from consumers who purchased the CDRD's service, and (b) the CDRD received during the relevant period from Equitable Acceptance Corporation.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 36:**

This request is compound, overbroad, harassing and unintelligible. This request lacks foundation and calls for speculation as phrased. Objection, this request seeks the disclosure of private consumer/customer information protected by the United States and California Constitutions. This request is asking individual, Bradley Hunt for documents from businesses and therefore is improper. This request is compound in violation of the limits set under the Code of Civil Procedure and the Court's Pre-Trial Order. This request as phrased seeks the disclosure of attorney work product and attorney client privileged communications and violates Rule 26 as it demands the premature disclosure of expert documentation. Further, this request seeks the disclosure of business trade secrets. Additionally, this request is vague as to time. Subject to and without waiving the foregoing objections, responding party states: All known documents have been produced at this time and are already in Plaintiff's possession, custody and control.

### A.    Plaintiff's Contentions and Points of Authorities Re Hunt Set One Request No. 36

Relevant to the issue of consumer injury, Hunt Set One Request No. 36 seeks income statements that show the amount of revenues the Corporate Defendants

received from consumers (directly or through a third-party payment processor) and the amount of revenues they received from Defendant Equitable Acceptance Corporation.  As alleged in the Complaint, the Corporate Defendants had two models under which consumers could pay for their student debt relief services: financing or cash/trust.  Under the financing model, consumers would make payments to Equitable Acceptance Corporation.  Under the cash/trust model, consumers would make payments through a trust company or possibly directly to the Corporate Defendants.  The income statements reflecting revenues will provide evidence of the amounts paid to the Corporate Defendants to establish consumer injury in this case.

Although Mr. Hunt responded to Hunt Set One Request No. 36 that "all known documents have been produced at this time," no such documents were previously produced in response to Plaintiff's August 29, 2017 Civil Investigative Demand.  During the March 23rd conference of counsel, Plaintiff's counsel specifically addressed the Hunt Set One requests at issue in this Motion.  Defendants' counsel claimed that Mr. Hunt had no additional documents to produce because all responsive documents were previously produced during the FTC's investigation of this matter and included in the November 2017 Productions.  Plaintiff's counsel expressed their belief that documents responsive to this request should exist, but had not previously been produced to Plaintiff.  To the extent that Defendants believed that such documents had been produced, Plaintiff's counsel requested that they review the prior productions and identify the documents responsive to such requests.  Plaintiff's counsel also asked that Defendants conduct a diligent search for and produce responsive documents that had not been previously produced.  In particular, for those requests that would require production of documents created or received after November 2017, like Hunt Set One Requests No. 36, Plaintiff's counsel noted that all responsive documents could not have been produced in November 2017 and requested that Defendants produce responsive documents.

Plaintiff specifically requested that Hunt search for income statements reflecting revenues and/or pull data from the Corporate Defendants' accounting records.  Plaintiff believes that there should be available information setting forth the amount of revenue that the Corporate Defendants received from consumers, in the form of payments directly from consumers or payments received from Equitable Acceptance Corporation or trust companies.  Plaintiff respectfully requests that the Court order Mr. Hunt to conduct a diligent search without further delay, and to produce responsive documents or information within two weeks of the Court's order. To the extent that Mr. Hunt determines that no responsive documents exist, Plaintiff requests that Hunt be ordered to provide a sworn statement detailing the methods employed to find responsive documents.  *See Cytosport, Inc. v. Nature's Best, Inc.*, 2007 WL 1040993 (April 4, 2007 E.D. Cal.) at *5 ("Despite the lack of a verification requirement in Rule 34, courts occasionally order a responding party to provide verified responses when a dispute arises as to whether or not all the requested documents have been produced") (citing *Soto v. City of Concord*, 162 F.R.D. 603, 623 (N.D. Cal.1995) (requiring defendants to provide verification that the documents previously supplied in response to document requests were all such documents of that kind obtainable by the defense); *Jensen v. Boston Insurance Co.*, 20 F.R.D. 619, 621 (N.D. Cal.1957) (requiring party to state under oath rather than by way of a "general, unverified allegations" that the documents sought were not in existence)).

**B.    Defendant's Contentions and Points of Authorities**
[]

## IV.    HUNT SET ONE REQUEST NOS. 63-64

**<u>REQUEST FOR PRODUCTION NO. 63:</u>**

Produce all documents that you have received from or provided to any other party to this action since the filing of the Complaint and which refers or relates to any

1   allegations in the FTC's Complaint in this action, other than communications that are
2   protected by the attorney-client privilege or work-product doctrine.
3   **RESPONSE TO REQUEST FOR PRODUCTION NO. 63:**
4       Objection: This request is asking individual, Bradley Hunt for documents
5   from businesses and therefore is improper.  This request is compound,  contains
6   subparts in violation of the limits set under the Code of Civil Procedure and  the
7   Court's Pre-Trial Order. This request violates Rule 26 as it demands the premature
8   disclosure of expert documentation. Further, this request seeks the  disclosure of
9   business trade secrets. Additionally, this request is vague as to time. Subject to
10  and without  waiving  the foregoing objections,  responding  party states:  All  known
11  documents that  exist  that  relate to  this  request  have already  been  provided  to
12  Plaintiff.
13  **REQUEST FOR PRODUCTION NO. 64:**
14      Produce all documents that you have received from or provided to any third-
15  party since the filing of the Complaint and which refer or relate to the allegations in
16  the Complaint or which were received or provided in connection with this lawsuit,
17  other than communications that are protected by the attorney-client privilege or work-
18  product doctrine.
19  **RESPONSE TO REQUEST FOR PRODUCTION NO. 64:**
20      Objection: This request is asking individual, Bradley Hunt for documents from
21  businesses and therefore is improper. This request is compound, contains
22  subparts in violation of the limits set under the Code of Civil Procedure and the
23  Court's Pre-Trial Order. This request violates Rule 26 as it demands the
24  premature disclosure of expert documentation. Further, this request seeks the
25  disclosure  of business trade secrets. Additionally, this request is vague as to time.
26  Subject to and without waiving the foregoing objections, responding party states: All
27
28

known documents that exist that relate to this request have already been provided to Plaintiff.

### A.    Plaintiff's Contentions and Points of Authorities re Hunt Set One Request Nos. 63-64

Hunt Set One Request Nos. 63-64 seek documents that were received or provided to certain parties after the filing of the Complaint, i.e. September 11, 2019. Mr. Hunt's response that "[a]ll known documents that exist that relate to this Request have already been provided to Plaintiff" is plainly false because Defendants have produced no documents to Plaintiff since November 2017. In other words, Mr. Hunt could not have already produced the requested documents because these requests seek documents that came into Mr. Hunt's possession long after the date of the last production to the FTC. On the parties' March 23rd conference of counsel, Defendants stated that they would search for responsive documents and would produce them, to the extent they exist. Defendants have neither produced any documents nor provided any indication of a timeline on which they expect to produce such documents. They also have not supplemented their responses to indicate that no such documents exist. Therefore, Plaintiff respectfully requests that the Court order Mr. Hunt to conduct a diligent search without further delay, and to produce responsive documents or information within two weeks of the order. To the extent that Mr. Hunt determines that no responsive documents exist, Plaintiff requests that Hunt be ordered to provide a sworn statement detailing the methods employed to find responsive documents. *See Cytosport,* 2007 WL 1040993 at 5-11.

### B.    Defendant's Contentions and Points of Authorities re Hunt Set One Request Nos. 63-64

[]

# V.    HUNT SET TWO REQUEST NO. 1

## REQUEST FOR PRODUCTION NO. 1:

All communications with Sean Lucero regarding CDRD business, including but not limited to text messages and emails to or from any of your personal or professional email accounts, including but not limited to brad@studentadvocates.com, bhunt@studentadvocates.com, and brad@studentloansupport.com.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 1:

Defendant objects to this Request on the grounds that the phrase "CDRD business" is vague, ambiguous, and unintelligible. Defendant further objects to this Request on the grounds that the Request is overbroad as to time and as to scope. Defendant further objects to this Request on the grounds that it seeks irrelevant information outside the scope of this litigation. Defendant further objects to this Request on the grounds that it is unduly burdensome. Defendant further objects to this Request on the grounds that it is unlikely to lead to the discovery of evidence admissible at trial. Defendant further objects to this Request to the extent that it seeks information protected by the attorney/client privilege and/or the attorney work product privilege. Defendant further objects to this request on the grounds that it seeks information in violation of Defendant's right to privacy. Defendant further objects to this Request to the extent that the Request seeks documents that are the property of business entities and therefore is improper. Defendant further objects to this request on the grounds that it is compound in violation of the limits set under the Code of Civil Procedure and the Court's Pre-Trial Order.  Subject to the foregoing objections: Responding party states that due to the current shut down of businesses and/or inability to access documents as a direct result of the current COVID-19 pandemic, responding party cannot state if such documents exist at this time. Upon

the lifting of the quarantine and access to the current documents, defendant will supplement the current response should there be any responsive documents.

### A.    Plaintiff's Contentions and Points of Authorities re Hunt Set Two Request No. 1

Defendant Hunt has articulated no justification for the continued delay in supplementing his response and producing documents in response to Hunt Set Two Request No. 1.  This request seeks communications, including emails and text messages, between Mr. Lucero, on the one hand, and Mr. Hunt, Corporate Defendants' employees, or EAC employees, on the other hand, regarding Corporate Defendants' business.  In his responses to Hunt Set Two, Mr. Hunt stated that he would "supplement the current response" "upon the lifting of the quarantine and access to the current documents."  First, to the extent the "current documents" refer to the previously produced documents, Hunt has not articulated any reason why he does not have access to the documents.  In March, just after office locations closed due to the COVID-19 pandemic, Defendants' counsel stated that they could not review the prior productions as they were saved on a CD in the Gordon Rees firm's New York office and counsel was unable to gain access to that office.  However, several months have passed, and businesses and law firms have continued to operate.  Defendants should no longer have absolute obstacles to access documents.  Second, because there should be responsive documents to this request that were not previously produced in the November 2017 Productions, any restricted access to the data in Gordon Rees's office should not present an obstacle to producing Mr. Hunt's emails and text messages.

On September 12, 2020, Defendants' counsel represented the Mr. Hunt was collecting his emails and would produce them by September 25, 2020.  On October 13, the day after Defendants produced what appeared to be at least some of Mr.

Lucero's emails, Plaintiff requested that Defendants stipulate to a production

schedule for completion of their production of documents, including Mr. Hunt's

emails, to obviate the need for this motion.  Defendants ignored Plaintiff's request.

At the time this Motion is being filed, Defendant has still not produced Mr. Hunt's

documents and has ignored Plaintiff's request to agree on a timeline for such

production.  Accordingly, Plaintiff requests that the Court order Mr. Hunt to conduct

a reasonably diligent search for responsive communications with Mr. Lucero in Mr.

Hunt's possession, custody, or control without further delay.  Plaintiff further

requests that the Court order Mr. Hunt to produce all such communications within

two weeks of the Court's order and that Mr. Hunt provide a sworn statement that all

responsive documents have been produced.

### B.    Defendant's Contentions and Points of Authorities re Hunt Set Two Request No. 1

[]

## VI.    LUCERO SET TWO REQUEST FOR PRODUCTION NOS. 1-2

**REQUEST FOR PRODUCTION NO. 1:**

All communications with Brad Hunt, Louise Matthews, or other employees of

a CDRD regarding CDRD business, including but not limited to text messages and

emails to or from any of your personal and professional email accounts, including but

not limited to lucerosean@aol.com, lucerosean@icloud.com, and

sean@studentadvocates.com.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 1:**

Defendant objects to this Request on the grounds that the phrase "CDRD

business" is vague, ambiguous, and unintelligible. Defendant further objects to this

Request on the grounds that the phrase "or other employees of a CDRD" is vague, ambiguous, and unintelligible. Defendant further objects to this Request on the grounds that the Request is overbroad as to time and as to scope. Defendant further objects to this Request on the grounds that it seeks irrelevant information outside the scope of this litigation. Defendant further objects to this Request on the grounds that it is unduly burdensome. Defendant further objects to this Request on the grounds that it is unlikely to lead to the discovery of evidence admissible at trial. Defendant further objects to this Request to the extent that it seeks information protected by the attorney/client privilege and/or the attorney work product privilege. Defendant further objects to this request on the grounds that it seeks information in violation of Defendant's right to privacy. Defendant further objects to this Request to the extent that the Request seeks documents that are the property of business entities and therefore is improper. Subject to the foregoing objections: Responding party states that due to the current shut down of businesses and/or inability to access documents as a direct result of the current COVID-19 pandemic, responding party cannot state if such documents exist at this time. Upon the lifting of the quarantine and access to the current documents, defendant will supplement the current response should there be any responsive documents.

**REQUEST FOR PRODUCTION NO. 2:**

All communications with Jeff Henn, Christopher Wheeler, or other employees of EAC regarding CDRD business, including but not limited to text messages and emails to or from any of your personal and professional email accounts, including but not limited to lucerosean@aol.com, lucerosean@icloud.com, and sean@studentadvocates.com.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 2:**

Defendant objects to this Request on the grounds that the phrase "CDRD business" is vague, ambiguous, and unintelligible. Defendant further objects to this

Request on the grounds that the phrase "or other employees of EAC" is vague, ambiguous, and unintelligible. Defendant further objects to this Request on the grounds that the Request is overbroad as to time and as to scope. Defendant further objects to this Request on the grounds that it seeks irrelevant information outside the scope of this litigation. Defendant further objects to this Request on the grounds that it is unduly burdensome. Defendant further objects to this Request on the grounds that it is unlikely to lead to the discovery of evidence admissible at trial. Defendant further objects to this Request to the extent that it seeks information protected by the attorney/client privilege and/or the attorney work product privilege. Defendant further objects to this request on the grounds that it seeks information in violation of Defendant's right to privacy. Defendant further objects to this Request to the extent that the Request seeks documents that are the property of business entities and therefore is improper. Defendant further objects to this request on the grounds that it is compound in violation of the limits set under the Code of Civil Procedure and the Court's Pre-Trial Order. Subject to the foregoing objections: Responding party states that due to the current shut down of businesses and/or inability to access documents as a direct result of the current COVID-19 pandemic, responding party cannot state if such documents exist at this time. Upon the lifting of the quarantine and access to the current documents, defendant will supplement the current response should there be any responsive documents.

A.   **Plaintiff's Contentions and Points of Authorities re Lucero Set Two Request for Production Nos. 1-2**

Similar to the discussion above regarding Mr. Hunt's communications responsive to Hunt Set Two, Lucero Set Two Request Nos. 1-2 seek communications, including emails and text messages, between Mr. Lucero, on the one hand, and Mr. Hunt, Corporate Defendants' employees, or EAC employees, on the other hand,

23

regarding Corporate Defendants' business.  In his responses to Lucero Set Two, Mr. Lucero stated that he would "supplement the current response" "upon the lifting of the quarantine and access to the current documents."  Again, several months have passed, and businesses and law firms have continued to operate.  Defendants should no longer have absolute obstacles to access documents.  Second, because there should be responsive documents to these Requests that were not previously produced in response to the FTC's August 29, 2017 Civil Investigative Demand, any restricted access to the data in Gordon Rees's office should not present an obstacle to producing Mr. Lucero's emails and text messages.  Indeed, Mr. Lucero's @aol.com and @icloud.com emails were likely not stored in any location that was inaccessible to him.

Since mid-August 2020, Defendants' counsel has made multiple representations that Mr. Lucero would produce emails on a rolling basis.  First, he stated they would start production on August 20 to be completed by August 25.  Then, he stated they would be produced by September 18.  When that production was not forthcoming, Plaintiff requested an agreement for a timeline to complete a rolling production by October 2, and Defendants did not respond.  On October 12, Defendants produced a one page, non-searchable .pdf of what appears to be 2367 pages of Mr. Lucero's emails.  This production did not comply with the instructions for producing ESI as set forth in the Requests or the agreement of the parties to produce the documents with a particular load file.  In addition, despite Plaintiff's request for confirmation, Defendants did not state whether they had completed production of Mr. Lucero's emails.  Defendants also did not response to Plaintiff's requests to stipulate to a production schedule to obviate the need for this motion.  Accordingly, Plaintiff requests that the Court set the timeline for completion of Defendants' production.  Plaintiff requests that the Court order Mr. Lucero to conduct a reasonably diligent search for responsive communications in his possession,

1   custody, or control without further delay.  Plaintiff further requests that the Court

2   order Mr. Lucero to produce all such communications within two weeks of the

3   Court's order and that Mr. Lucero provide a sworn statement that all responsive

4   documents have been produced.

B.   **Defendant's Contentions and Points of Authorities re Lucero Set Two Request for Production Nos. 1-2**

[]

DATED: October 14, 2020

                                    _/s/  Delilah Vinzon_
                                    Delilah Vinzon
                                    John D. Jacobs
                                    Maricela Segura

                                    Attorneys for Plaintiff
                                    FEDERAL TRADE COMMISSION

DATED: October 14, 2020             GORDON REES SCULLY
                                    MANSUKHANI, LLP


                                    _____
                                    I. Hooshie Broomand

                                    Attorneys for Defendants
                                    Bradley Jason Hunt and Sean Quincy Lucero

Plaintiff's counsel hereby attests that counsel for the Individual Defendants
has authorized the filing of this stipulation.