DELILAH VINZON
  Cal. Bar No. 222681; dvinzon@ftc.gov
JOHN D. JACOBS
  Cal Bar No. 134154; jjacobs@ftc.gov
MARICELA SEGURA
  Cal. Bar No. 225999; msegura@ftc.gov
Federal Trade Commission
10990 Wilshire Boulevard, Suite 400
Los Angeles, CA 90024
Tel: (310) 824-4300; Fax: (310) 824-4380

Attorneys for Plaintiff Federal Trade Commission

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| FEDERAL TRADE COMMISSION,<br><br>    Plaintiff,<br><br>    v.<br><br>STUDENT ADVOCATES TEAM, LLC, et al.,<br><br>    Defendants. | Case No.: 8:19-cv-01728-JVS-JDE<br><br>**DECLARATION OF DELILAH VINZON IN SUPPORT OF PLAINTIFF'S MOTION TO COMPEL RESPONSES TO PLAINTIFF'S REQUESTS FOR PRODUCTION OF DOCUMENTS (SET ONE AND SET TWO) TO DEFENDANT BRADLEY JASON HUNT AND PLAINTIFF'S REQUESTS FOR PRODUCTION OF DOCUMENTS (SET TWO) TO DEFENDANT SEAN QUINCY LUCERO** |

I, Delilah Vinzon, declare as follows:

1. I am an attorney for Plaintiff Federal Trade Commission ("FTC") in its Western Region Los Angeles office. I am one of the attorneys responsible for representing Plaintiff in this case, and I make this declaration in support of Plaintiff's Motion to Compel Responses to Plaintiff's Requests for Production of Documents (Set One and Set Two) to Defendant Bradley Jason Hunt and Plaintiff's Requests for Production of Documents (Set Two) to Defendant Sean Quincy Lucero. I have personal knowledge of the facts stated herein, and could and would competently testify thereto if called upon to do so.

2. On or about December 5, 2019, Plaintiff propounded its First Set of Requests for Production of Documents Propounded to Defendant Bradley Hunt, ("Hunt Set One") on Defendant Hunt. Mr. Hunt served his responses on or about January 21, 2020. A true and correct copy of Defendant Bradley Jason Hunt's Response to Plaintiff's Requests for Production of Documents, Set One is attached as **Exhibit A**.

3. On or about March 4, 2020, Plaintiff propounded Plaintiff's Second Set of Requests for Production of Documents Propounded to Defendant Bradley Hunt ("Hunt Set Two") and Plaintiff's Second Set of Requests for Production of Documents Propounded to Defendant Sean Lucero ("Lucero Set Two"). Mr. Hunt and Mr. Lucero served responses on or about April 6, 2020. A true and correct copy of Defendant Bradley Jason Hunt's Response to Plaintiff Federal Trade Commision's [sic] Request for Production of Documents, Set Two is attached as **Exhibit B**. A true and correct copy of Defendant Sean Quincy Lucero's Response to Plaintiff Federal Trade Commision's [sic] Request for Production of Documents, Set Two is attached as **Exhibit C**.

4. On March 5, 2020, on behalf of Plaintiff, I sent a meet and confer letter to Defendants' counsel, which addressed, in part, Mr. Hunt's responses to Hunt Set

One.  A true and correct copy of the letter dated March 5, 2020 is attached as **Exhibit D**.

5. On March 23, 2020, Defendants' counsel, I. Hooshie Broomand, my colleague, John Jacobs, and I engaged in a telephonic conference of counsel pursuant to Local Rule 37-1.  The parties discussed the issues raised in the March 5 letter, and Defendants' counsel informed Plaintiff's counsel that they did not have access to documents due to office closures caused by the COVID-19 pandemic.  The parties agreed to discuss the matter further in the coming weeks.

6. On August 3, 2020, on behalf of Plaintiff, I sent a meet and confer letter to Defendants' counsel, which addressed, in part, Mr. Hunt's responses to Hunt Set One and Hunt Set Two, and Mr. Lucero's responses to Lucero Set Two.  A true and correct copy of the letter dated August 3, 2020 is attached as **Exhibit E**.

7. On August 13, 2020, during a telephonic discussion between Mr. Broomand, Mr. Jacobs, and me, Defendants' counsel agreed to search for and produce Mr. Hunt's and Mr. Lucero's emails.  Mr. Jacobs, sent Defendants' counsel an email with copy to me memorializing our discussion.  A true and correct copy of the August 13, 2020 email, redacted to exclude settlement communications, is attached as **Exhibit F**.

8. On August 20, 2020, Defendants' counsel confirmed by email his intention to produce Mr. Lucero's emails by August 25, 2020 and to engage an independent company to review email accounts to ensure all documents were produced.  He also expressed his intention to produce Mr. Hunt's emails, which were not part of the independent company's email collection, within two weeks.  A true and correct copy of the email exchange containing Mr. Broomand's email dated August 20, 2020, and Mr. Jacobs's response email is attached as **Exhibit G**.

9. Defendants did not produce any emails or other documents by August 25 and failed to provide the results of any independent review.  Plaintiff's counsel sent Defendants' counsel four emails between August 26 and September 8, 2020 inquiring

about Defendants' intention to produce their emails. A true and correct copy of the emails dated August 26 and August 28 (**Exhibit H**), and emails dated September 1 and September 8 (**Exhibits I**) are attached.

10. Defendants did not communicate to Plaintiff between August 20 and September 8. Defendants' counsel emailed Plaintiff's counsel on September 9, 2020 and counsel scheduled a call for September 10, 2020. A true and correct copy of the September 9-10, 2020 email exchange, redacted to exclude conference call information, is attached as **Exhibit J**.

11. On September 10, 2020, during a telephonic conference of counsel between Mr. Broomand and his colleague, Danny Barak, Mr. Jacobs, and me, Defendants' counsel made numerous representations about their intention to produce Mr. Hunt's and Mr. Lucero's emails, reviewing and producing other responsive documents, and supplementing Defendants' written responses.

12. By email dated September 12, 2020, Defendants' counsel committed to produce Mr. Lucero's emails by September 18 and Mr. Hunt's emails by September 25. A true and correct copy of Mr. Broomand's email dated September 12, 2020 is attached as **Exhibit K**.

13. Defendants did not produce any emails by September 18.

14. On September 21, 2020, Plaintiff's counsel emailed Defendants' counsel asking for a status update. A true and correct copy of Mr. Jacobs's email dated September 21, 2020 is attached as **Exhibit L**.

15. On September 23, 2020, Defendants' counsel informed Plaintiff's counsel that emails had been loaded to their document review platform and they had started the review process. Mr. Broomand expressed a hope that they could start producing documents by the end of the week, i.e. September 25, 2020.

16. On September 28, 2020, after no documents were produced by September 25, Mr. Jacobs responded to Mr. Broomand's September 23rd email requesting that Defendants agree to a production schedule and proposed deadlines. A

true and correct copy of the email exchange between September 23 and September 28, 2020 is attached as **Exhibit M**.

17. Defendants' counsel did not respond to Plaintiff's counsel's request for a production schedule.

18. On October 1, 2020, having received neither a document production nor a response from Defendants' counsel, Plaintiff's counsel circulated a draft Joint Stipulation related to this Motion pursuant to Local Rule 37-2. A true and correct copy of my cover email dated October 1, 2020 is attached as **Exhibit N**.

19. On October 6, 2020, prior to the deadline to return Defendants' portion of the Joint Stipulation, Defendants' counsel informed Plaintiff's counsel of their intention to produce documents by October 12, and requested that Plaintiff's extend Defendants' time to respond with their portions of the Joint Stipulation. Defendants' counsel authorized Plaintiff to file the Motion and Joint Stipulation if Defendants did not respond to the Joint Stipulation by close of business on October 13. Plaintiff agreed. A true and correct copy of the email exchange dated October 6-7, 2020 is attached as **Exhibit O**.

20. On October 12, 2020, Defendants produced the SAT Supplemental Production containing one 2367 page .pdf of what appears to be at least some of Mr. Lucero's emails, but not a complete production of all outstanding documents responsive to the Requests for Production at issue in the Motion. A true and correct copy of the cover email sent with the production dated October 12, 2020 is attached as **Exhibit P**.

21. On October 13, 2020, Plaintiff's counsel requested that Defendants' counsel produce the SAT Supplemental Production in a format consistent with the Instructions for ESI production in the Requests and as the parties had discussed. Plaintiff's counsel also requested that Defendants confirm whether the production contained all of Mr. Lucero's emails, and requested that Defendants stipulate to a deadline to complete production of all responsive documents, including Mr. Hunt's

1  emails, to avoid the need to file this Motion.  Plaintiff informed Defendants that if
2  Defendants did not respond by close of business on October 13, it would file the
3  Motion and Joint Stipulation as agreed on October 7.  Defendants did not respond.
4  Accordingly, as authorized by Defendants' counsel on October 7, Plaintiff is filing
5  the Joint Stipulation concurrently.  A copy of my email dated October 13, 2020 is
6  attached as **Exhibit Q**.

8      I declare under penalty of perjury of the laws of the United States that the
9  foregoing is true and correct.
10     Executed on October 14, 2020, in Los Angeles, California.

                                                                               Delilah Vinzon