UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| Case No. | 8:19-cv-01728-JWH (JDEx) | Date | October 28, 2020 |
|---|---|---|---|
| Title | Federal Trade Commission v. Student Advocates Team, LLC, et al. | | |

| Present: The Honorable | John D. Early, Magistrate Judge | |
|---|---|---|
| Maria Barr | | n/a |
| Deputy Clerk | | Court Reporter / Recorder |
| Attorneys Present for Plaintiff(s): | | Attorneys Present for Defendant(s): |
| n/a | | n/a |

**Proceedings:**   (In Chambers) Order Granting Motion to Compel (Dkt. 61)

## I.
## BACKGROUND

On September 11, 2019, Plaintiff the Federal Trade Commission ("Plaintiff") filed a complaint against several entities and individuals seeking declaratory, injunctive, and other equitable relief under "various consumer protection statues in connection with the sale of student loan debt services and the financing of the fees that were charged for those services." Dkt. 1 at 2. Individual defendants Bradley Jason Hunt and Sean Quincy Lucero ("Defendants") filed their operative Second Amended Answer on April 28, 2020. Dkt. 38, 39. The discovery cutoff in the action is set for January 27, 2021. See Dkt. 56.

On October 14, 2020, Plaintiff filed a Motion to Compel Responses to Certain Requests for Production ("RFP") of Documents Propounded upon Defendants, noticed for hearing on November 5, 2020 (Dkt. 61, "Motion"), a Local Rule 37-2 Joint Statement in support of the Motion (Dkt. 62, "Joint Stipulation" or "Jt. Stip."), and a supporting declaration of counsel with exhibits (Dkt. 62, 63-1 to 63-17). Of note, no evidence or argument is contained within Defendants' portion of the Joint Stipulation. No party filed a timely supplemental memorandum under Local Rule 37-2.3.

The Court finds that the matter may properly be decided without oral argument. For the reasons set forth below, the Court GRANTS the Motion in large part.

## II.
## LEGAL STANDARD

"Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 8:19-cv-01728-JWH (JDEx) | Date | October 28, 2020 |
|---|---|---|---|
| Title | Federal Trade Commission v. Student Advocates Team, LLC, et al. | | |

importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. (hereinafter, "Rules" or singularly, "Rule") 26(b)(1). "Information within this scope of discovery need not be admissible in evidence to be discoverable." Id.

A party may request any other party to produce any document within the scope of Rule 26(b) that is in the other party's "possession, custody, or control." Rule 34(a)(1). A party responding to a request for production must, "[f]or each item or category, . . . either state that inspection . . . will be permitted as requested or state with specificity the grounds for objecting to the request, including the reasons." Rule 34(b)(2)(B). "An objection must state whether any responsive materials are being withheld on the basis of that objection. An objection to part of a request must specify the part and permit inspection of the rest." Rule 34(b)(2)(C). The requirement that a responding party state whether responsive material have been withheld on the basis of an objection was added by the 2015 Amendments to Rule 34 to "end the confusion that frequently arises when a producing party states several objections and still produces information." See Rule 34, Advisory Committee's Note to 2015 Amendment. When a party states production will be made, the "production must then be completed no later than the time for inspection specified in the request or another reasonable time specified in the response." Rule 34(b)(2)(B).

If the responding party fails to sufficiently respond to a request for production or produce documents under Rule 34, a propounding party may file a motion to compel responses or production. Rule 37(a)(3)(B)(iv). An evasive or incomplete answer or response is treated as a failure to answer or respond. Rule 37(a)(4). "General or boilerplate objections such as 'overly burdensome and harassing' are improper—especially when a party fails to submit any evidentiary declarations supporting such objections." Polaris Innovations Ltd. v. Kingston Tech. Co., Inc., 2017 WL 3275615, at *2 (C.D. Cal. Feb. 14, 2017) (quoting A. Farber & Partners, Inc. v. Garber, 234 F.R.D. 186, 188 (C.D. Cal. 2006)).

"Upon a motion to compel discovery, the movant has the initial burden of demonstrating relevance. Thereafter, the party opposing discovery has the burden of showing that discovery should not be allowed, and also has the burden of clarifying, explaining and supporting its objections with competent evidence." United States v. McGraw–Hill Cos., 2014 WL 1647385, at *8 (C.D. Cal. Apr. 15, 2014) (citations and internal quotation marks omitted); see also DIRECTV, Inc. v. Trone, 209 F.R.D. 455, 458 (C.D. Cal. 2002) ("The party who resists discovery has the burden to show that discovery

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 8:19-cv-01728-JWH (JDEx) | Date | October 28, 2020 |
|---|---|---|---|
| Title | Federal Trade Commission v. Student Advocates Team, LLC, et al. | | |

should not be allowed, and has the burden of clarifying, explaining, and supporting its objections."); Oakes v. Halvorsen Marine Ltd., 179 F.R.D. 281, 283 (C.D. Cal. 1998).

A party responding to discovery should use common sense and attribute ordinary definitions to terms in discovery requests. Advanced Visual Image Design, LLC v. Exist, Inc., 2015 WL 4934178, at *6 (C.D. Cal. Aug. 18, 2015) (citing Bryant v. Armstrong, 285 F.R.D. 596, 606 (S.D. Cal. 2012)). Parties have an "obligation to construe . . . discovery requests in a reasonable manner." Cache La Poudre Feeds, LLC v. Land O'Lakes, Inc., 244 F.R.D. 614, 618-19 (D. Colo. 2007); see also King-Hardy v. Bloomfield Bd. of Educ., 2002 WL 32506294, at *5 (D. Conn. Dec. 8, 2002) (finding the responding party must give discovery requests a reasonable construction, rather than strain to find ambiguity); McCoo v. Denny's Inc., 192 F.R.D. 675, 694 (D. Kan. 2000) ("A party responding to discovery requests should exercise reason and common sense to attribute ordinary definitions to terms and phrases utilized . . . ." (internal quotation marks omitted)).

### III.
### DISCUSSION

The Court has reviewed the RFPs at issue and the responses thereto (Jt. Stip. at 6-23) and finds, based on the information before it, that the RFPs seek relevant information under the broad definition of relevance under Rule 26(b)(1) and seek information that is proportional to the needs of the case. Thus, Plaintiff has met its burden on the Motion. See Rule 26(b)(1); Rule 34(a)(1), (b); McGraw–Hill Cos., 2014 WL 1647385, at *8; DIRECTV, Inc., 209 F.R.D. at 458; Oakes, 179 F.R.D. at 283.

Thus, to defeat the Motion, the burden shifts to Defendants to provide proper support for any objections to the RFPs. However, Defendants did not provide any evidence or argument in support of their objections to the RFPs in the Joint Stipulation. Plaintiff's counsel attests, and provides email support, that Defendants' counsel authorized Plaintiff to file the Joint Stipulation without any argument from Defendant. Dkt. 63 (declaration) at ¶ 19; Dkt. 63-15. Defendants had an opportunity to, but did not, file a supplemental memorandum under Local Rule 37-2.3. Further, even were the Court to consider the Motion to be a discovery motion without a Joint Stipulation, the Court finds that Plaintiff has demonstrated that the Motion could properly have proceeded under Local Rule 37-2.4, and, so construed, any opposition would have been due from Defendants by October 22, 2020. See Local Rule 7-8. Were the Motion so construed, a failure to timely file an opposition could be deemed consent to the granting of the relief sought by the Motion. See Local Rule 7-12.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 8:19-cv-01728-JWH (JDEx) | Date | October 28, 2020 |
|---|---|---|---|
| Title | Federal Trade Commission v. Student Advocates Team, LLC, et al. | | |

Having filed nothing to support their objections to the RFPs, Defendants have not met their burden to justify their objections asserted in response to the RFPs at issue, nor have they explained or justified any refusal to produce records in a timely fashion. The Court has independently reviewed the responses to the RFPs at issue in the Motion and overrules the objections stated there and further finds that the responses are largely, if not entirely, in violation of the requirements under Rule 34(b)(2) in that, among other things, the responses, although asserting objections, do not state whether any documents are being withheld based on any objection. See Rule 34(b)(2)(B)-(C).

Therefore, the Motion is granted in its entirety, except Plaintiff's request that Defendants be ordered to provide sworn written statements attesting that all responsive documents have been produced and describing the searches for responsive documents. Rule 34 contains no such requirement, and the Court declines to impose one here. Of course, nothing prevents Plaintiff from inquiring about any document searches using other discovery vehicles. All of Defendants' objections are overruled, so all responsive documents in Defendants' respective possession, custody, or control must be produced.

**IV.**
**CONCLUSION AND ORDER**

For the foregoing reasons, the Motion (Dkt. 61) is GRANTED, except the Court does not order Defendants to serve any written statement under oath.

The Court ORDERS Defendants to produce all documents responsive to the RFPs at issue (RFP Nos. 21-27, 29, 36, 63, and 64 in Set One and RFP No. 1 in Set Two propounded upon Defendant Hunt and RFP Nos. 1-2 in Set Two propounded upon Defendant Lucero) in their respective possession, custody and control within 14 days from the date of this Order.

IT IS SO ORDERED.

Initials of Clerk: mba